Samuel **HOGGATT**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A02–0310–CR–858.

Court of Appeals of Indiana.

June 21, 2004.

James C. Spencer, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

VAIDIK, Judge.

The State seeks rehearing in *Hoggatt v. State*, 805 N.E.2d 1281 (Ind.Ct.App.2004). Although we affirm our original opinion in all respects, we write on rehearing to address the State's argument that it could have filed an Indiana Trial Rule 60(A) motion to correct the clerical mistakes in Hoggatt's sentencing judgments.

In *Hoggatt*, we addressed the options that the State has to challenge a sentencing defect that is not apparent on the face of a sentencing judgment. Specifically, we relied on the Indiana Supreme Court's recent opinion in *Robinson v. State*, in which the court held: "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised *only* on direct appeal and, where appropriate, by post-conviction proceedings." 805 N.E.2d 783, 787 (Ind. 2004) (emphasis added). Because the State is unable to seek post-conviction relief and because the thirty-day deadline for a direct appeal had long since passed, we concluded in our original opinion that the State was left without a remedy to challenge Hoggatt's sentence. *Hoggatt*, 805 N.E.2d at 1284.

On rehearing, the State takes issue with our conclusion that it was left without a remedy and claims that it had yet another option: it could have filed a motion pursuant to Indiana Trial Rule 60(A) to correct the clerical mistakes in Hoggatt's sentencing judgments. Trial Rule 60(A) provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court *at any time before the trial court clerk issues its Notice of Completion of Clerk's Record.* Such corrections may be made by the trial court on its own initiative or on the motion of any party and after such notice, if any, as the court orders. After the filing of the Notice of Completion of Clerk's Record, such mistakes may be so corrected with leave of the court on appeal.

Ind. Trial Rule 60(A) (emphasis added). While it is questionable whether Trial Rule 60(A) can be used to challenge a sentencing defect that is not apparent on the face of a sentencing judgment in light of the supreme court's opinion in *Robinson*, we need not reach that issue. This is so because the State neither filed a Trial Rule 60(A) motion before the Notice of Completion of Clerk's Record was filed nor sought leave from this Court to correct the clerical mistakes in Hoggatt's sentencing judgments.[1] As a result, the trial court could not correct the clerical mistakes in Hoggatt's sentencing judgments under the authority of Trial Rule 60(A). Because we properly concluded that the State was left without a remedy to challenge Hoggatt's sentence, we affirm our original opinion in all respects.

SHARPNACK, J. and MATHIAS, J., concur.

---

1. The State argues on rehearing that because Hoggatt filed this appeal under only one of three cause numbers, "the trial court retained jurisdiction to correct the clerical error in the [sentencing judgments]." Appellee's Reh'g Pet. p. 6. Contrary to the State's assertion, Hoggatt filed this appeal under all three cause numbers.