Samuel HOGGATT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0310–CR–858.

Court of Appeals of Indiana.

April 12, 2004.

James C. Spencer, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Samuel Hoggatt appeals the trial court's grant of the State's motion to correct sentence. In light of the Indiana Supreme Court's recent opinions on motions to cor-

rect sentences, which narrowly confine such motions to claims apparent from the face of the sentencing judgment, we conclude that Hoggatt's sentence is not facially erroneous and therefore reverse the trial court.

### Facts and Procedural History

Hoggatt was charged with three Class D felonies (Cause No. 49G16–0009–DF–159623). While Hoggatt was released on bond for these felonies, he was charged with a Class D felony, a Class A misdemeanor, and a Class B misdemeanor (Cause No. 49G16–0101–DF–019847).

After two separate bench trials, Hoggatt was found guilty of one Class D felony under the first cause number and one Class D felony and one Class B misdemeanor under the second. The trial court conducted a joint sentencing hearing and sentenced Hoggatt to 730 days and 1095 days, respectively. At the hearing, the trial court verbally instructed Hoggatt that pursuant to law, he must serve his sentences consecutively. However, the Orders of Judgment of Conviction issued under each of the cause numbers failed to reflect that determination.[1]

Because the Orders of Judgment of Conviction did not specify that the sentences were to run consecutively, the Department of Correction (DOC) ran them concurrently. Approximately one year after Hoggatt was released from the DOC, the State filed a Motion to Correct Sentencing Error pursuant to Indiana Code § 35–38–1–15. Specifically, the State alleged that Hoggatt was released from the DOC 514 days early because he served his sentences concurrently instead of consecutively. The trial court granted the State's motion and ordered Hoggatt to be taken into custody to serve the additional 514 days. Hoggatt now appeals.

### Discussion and Decision

██ Hoggatt attacks the trial court's grant of the State's motion to correct sentence on two grounds. First, he contends that his sentence is not facially erroneous. Second, Hoggatt contends that the trial court's correction of his sentence violates his due process rights. Although we find that the trial court's correction of Hoggatt's sentence, which resulted in him being sent back to prison one year after he had been released, implicates his due process rights, in light of the Indiana Supreme Court's recent opinions on motions to correct sentences, we find the first issue dispositive.

Indiana Code § 35–38–1–15, which governs motions to correct sentences, provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Our supreme court recently issued several opinions concerning motions to correct sentences. In the main opinion on this subject, *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004), the court explained that when an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. *Id.* at 786. To that end, the court found

---

1. The Order of Judgment of Conviction form that was used for both cause numbers provided the following option that could be checked if applicable:

☐ Case sentence to run (concurrent) (consecutive) to cause _____[.]

Appellant's App. p. 61, 78. This option was left unchecked on both forms.

that such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59 or upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A)—both of which have thirty-day deadlines. *Id.* Thereafter, for claims not waived for failure to raise them by direct appeal, a defendant should seek recourse pursuant to Indiana Post–Conviction Rule 1, § 1(a)(3). *Id.*

■ The supreme court also recognized in *Robinson* that the statutory motion to correct sentence is an alternate remedy but cautioned that it is only appropriate when the sentence is "erroneous on its face." *Id.* In explaining this standard, the court acknowledged that some of its decisions in the past "may not have rigorously applied [it]." *Id.* (citing *Mitchell v. State,* 726 N.E.2d 1228 (Ind.2000); *Reffett v. State,* 571 N.E.2d 1227 (Ind.1991); and *Jones v. State,* 544 N.E.2d 492 (Ind.1989)). The court declared that because of the availability of direct appeal and post-conviction relief proceedings, the statutory motion to correct sentence should be narrowly confined to claims apparent from the face of the sentencing judgment, and the facially erroneous standard should be strictly applied. *Id.* at 787. Accordingly, the court held:

> [A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Id.* That is, a statutory motion to correct sentence is only available where the claim "may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Id.* at 787–88.

On appeal, the State contends that Hoggatt's sentence is erroneous on its face. In support of its contention, the State relies on Indiana Code § 35–50–1–2(d), which provides:

> If, after being arrested for one (1) crime, a person commits another crime:
>
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) while the person is released:
>
> > (A) upon the person's own recognizance; or
> >
> > (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

The State argues that because Hoggatt was released on bond when he committed the other crimes, Hoggatt was required to serve the sentences consecutively; therefore, Hoggatt's sentence is facially erroneous. However, we are unable to determine from the face of the sentencing judgment whether Hoggatt was released on bond when he committed the other crimes. The orders of judgment of conviction for both cause numbers identify the offenses of which Hoggatt was convicted but make no mention of whether he was on bond at the time he committed the other crimes.[2] Pursuant to *Robinson,* we

---

2. We do note, however, that by looking to the CCS entries for both cause numbers, which are contained in the record, we can readily determine that Hoggatt was on bond at the time he committed the other crimes, and therefore his sentences should have been

find that Hoggatt's sentence is not facially erroneous.

 In reaching this conclusion, we make some observations. In arriving at its holding in *Robinson,* the supreme court was faced with the factual scenario where the defendant filed the motion to correct sentence in the trial court. Here, however, the State filed the motion to correct sentence in the trial court. This distinction makes a difference because if the thirty-day deadline for filing a motion to correct error or notice of appeal has passed and the sentence is not facially erroneous, then the defendant still has the opportunity to challenge his sentence through post-conviction relief proceedings. The State does not have this same opportunity. *See* Ind. Post–Conviction Rule 1, § 1(a) (providing that the remedy of post-conviction relief is available to "[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state[.]"). This creates a difficult situation for the State. If the sentencing defect is erroneous on its face, then the State has an unrestricted amount of time to file a motion to correct sentence. However, if the sentencing defect is discovered by resorting to other matters in or extrinsic to the record—which, presumably, makes that defect more difficult to discover than a facially erroneous one—then the State must take action within thirty days or else forfeit its right to challenge an erroneous sentence. Nevertheless, our supreme court has instructed, "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Robinson,* 805 N.E.2d at 787. Because the thirty-day deadline has long since passed, the State is left without a remedy to challenge Hoggatt's sentence.

Reversed.

SHARPNACK, J., and MATHIAS, J., concur.

---

served consecutively. *Robinson* instructs us, though, that we may consider "only the face of the judgment and the applicable statutory authority" and not matters "in" the record. 805 N.E.2d at 787–88.