ATTORNEY FOR APPELLANT
Ruth Johnson
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Michael G. Worden
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
May 05 2009, 2:48 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S05-0905-CR-209

SAMUEL HARDLEY,                                        *Appellant,*

v.

STATE OF INDIANA,                                      *Appellee.*

Appeal from the Marion Superior Court,
The Honorable Allan Reid, Judge Pro-Tem,
Nos. 49F18-0609-FD-173415, 49F18-0608-FD-159522

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0801-CR-29

**May 5, 2009**

**Dickson, Justice.**

To address conflicting opinions from the Court of Appeals and to consider the import of recent decisions of this Court, we grant transfer and hold that the State may challenge the legality of a criminal sentence by appeal without first filing a motion to correct erroneous sentence, and that such appeal need not be commenced within thirty days of the sentencing judgment.

The defendant was convicted and sentenced for three criminal offenses[1]: class D felony Theft,[2] class D felony Criminal Confinement,[3] and class A misdemeanor Battery.[4] His appeal presented claims of insufficient evidence and double jeopardy. Among the arguments made in the State's reply brief was that the trial court had erroneously imposed concurrent sentences in contravention of statute. As to the State's contention, the Court of Appeals, asserting the doctrine of fundamental error, refused to require such claim to be preserved by contemporaneous objection at trial, declined to require the State to challenge the allegedly erroneous sentence within thirty days of final judgment, and declared "[w]e cannot ignore an illegal sentence, even if the State did fail to properly preserve the issue." Hardley v. State, 893 N.E.2d 1140, 1145 (Ind. Ct. App. 2008).

The defendant sought transfer, in part arguing that the State waived any right to challenge the sentence because it failed to raise an objection in the trial court, did not file a motion to correct an erroneous sentence, and did not raise the issue until cross-appeal. The defendant's view mirrors the dissent of Senior Judge Patrick Sullivan, who urged that, because the sentence was not facially erroneous and thus not subject to a motion to correct erroneous sentence, the State had only thirty days to challenge the sentence. *Id.* at 1148-49 (Sullivan, Sr.J., dissenting). This position is consistent with Hoggatt v. State, 805 N.E.2d 1281, 1284 (Ind. Ct. App. 2004), *aff'd on reh'g*, 810 N.E.2d 737 (Ind. Ct. Ap. 2004), *trans. denied*. The Court of Appeals majority expressly declined to follow Hoggatt. Hardley, 893 N.E.2d at 1146. We accept jurisdiction solely

---

[1] These convictions resulted from two bench trials held on May 14, 2007. In cause number 49F18-0609-FD-173415, the defendant was found guilty of class D felony Criminal Confinement and class D felony Battery, and in cause number 49F18-0609-FD-159522, he was found guilty of class D felony Theft. He was sentenced on all three crimes at the conclusion of the latter trial: two years (730 days) for class D felony Criminal Confinement, one year (365 days) for class A misdemeanor Battery, and one and one-half years for class D felony Theft, with all three sentences to be served concurrently. During the sentencing proceedings, the State requested "two years executed under each cause number to be served consecutively to one another," Tr. at 12, but did not assert that consecutive sentences were mandatory when one crime is committed while on personal recognizance for another crime pursuant to Indiana Code § 35-50-1-2(d)(2)(A), the basis for the State's claim on cross-appeal.

[2] Ind. Code § 35-43-4-2(b).

[3] Ind. Code § 35-42-3-3(a)(1).

[4] Ind. Code § 35-42-2-1(a)(1)(A).

to address this issue.

The <u>Hoggatt</u> court noted that a motion to correct an erroneous sentence is available only when the sentencing defect is apparent on the face of the sentencing judgment, applying this Court's decision in <u>Robinson v. State</u>, 805 N.E.2d 783 (Ind. 2004). Finding that the claimed defect required resort to extrinsic matters, <u>Hoggatt</u> concluded that the State could raise its claim but only on direct appeal, for which the thirty-day deadline had passed, and thus "the State is left without a remedy to challenge Hoggatt's sentence." <u>Hoggatt</u>, 805 N.E.2d at 1284. For reasons explained below, we disapprove of this limitation.

The legislature has enumerated several situations in which criminal appeals by the State "may be taken," but the list does not include challenging an erroneous sentence. Ind. Code § 35-38-4-2.[5] In <u>McCullough v. State</u>, 900 N.E.2d 745 (Ind. 2009), we held that the State "may not by appeal or cross-appeal . . . initiate a challenge to a trial court's criminal sentence that is within the court's sentencing authority," but noted a recognized exception for sentences falling outside statutory authority, for which "the State may raise such a claim for the first time on appeal." *Id.* at 750 (citing <u>Stephens v. State</u>, 818 N.E.2d 936, 939-40 (Ind. 2004)). Our opinion in <u>Stephens</u> noted that a long line of cases permit the State to raise such a claim initially on appeal. 818

---

[5] This statute provides:

> Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
> (1) From an order granting a motion to dismiss an indictment or information.
> (2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.
> (3) From an order granting a motion to correct errors.
> (4) Upon a question reserved by the state, if the defendant is acquitted.
> (5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.
> (6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:
> > (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;
> > (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or
> > (C) the remedy by appeal after judgment is otherwise inadequate.

Ind. Code § 35-38-4-2.

N.E.2d at 939.[6] Most of these cases employed the "fundamental error" rationale, but this was not expressly endorsed by McCullough or Stephens.

The fundamental error doctrine serves, in extraordinary circumstances, to permit appellate consideration of a claim of trial error even though there has been a failure to make a proper contemporaneous objection during the course of a trial, which failure would ordinarily result in procedural default as to the claimed error. The doctrine applies to those errors deemed "so prejudicial to the rights of a defendant as to make a fair trial impossible." Barany v. State, 658 N.E.2d 60, 64 (Ind. 1995). By its very nature, the doctrine exists to protect the fair trial rights of the defendant, not the State. And while sound judicial policy requires permitting the State to challenge an illegal sentence, the fundamental error doctrine is an inapposite rationale.

Notwithstanding the limited statutory list of permissible criminal appeals by the State and the inappropriateness of fundamental error as a rationale, a separate additional source of statutory authority empowers the State to challenge illegal sentences. As to erroneous sentences, the legislature has also specifically authorized:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15. The plain language of this provision, with its requirement of notice to a defendant, is not limited only to defendants, but by clear implication is also available to the State.

This statute was narrowly confined in Robinson to apply to sentencing judgments that are facially erroneous. 805 N.E.2d at 786-87. We held that a motion seeking relief under this statute

> may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require considera-

---

[6] *See, e.g.*, Rogers v. State, 270 Ind. 189, 191, 383 N.E.2d 1035, 1036 (1979); Barnett v. State, 834 N.E.2d 169, 172-72 (Ind. Ct. App. 2005), *trans. not sought*; Lewis v. State, 769 N.E.2d 243, 247 n.5 (Ind. Ct. App. 2002), *trans. denied*; Abron v. State, 591 N.E.2d 634, 638 (Ind. Ct. App. 1992), *trans. denied*.

> tion of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Id.* at 787. This restrictive interpretation resulted from our analysis emphasizing that, while a motion to correct an erroneous sentence was available as an alternate remedy, it was best for defendants to assert claims of erroneous sentence by direct appeal or by petition for post-conviction relief. *Id.* at 786-87. But <u>Robinson</u> had no occasion to analyze the application of § 35-38-1-15 to the State, which has constrained access to direct appeal and post-conviction remedies. *See supra* n.5; Indiana Post-Conviction Rules PC 1, Section 1(a) (limiting the remedy to "[a]ny person who has been convicted of, or sentenced for, a crime"), and PC 2, Section 1(a) (limiting the remedy to "[a]n eligible defendant"). To limit the State's use of a motion to correct erroneous sentence to facially erroneous sentencing judgments effectively circumscribes the State from seeking to correct illegal sentences imposed by a trial court contrary to statutory authorization. We thus decline to extend <u>Robinson</u>'s "facially erroneous" requirement to restrict efforts by the State to challenge an illegal sentence.

This brings us to consider the procedural formalities needed when the State uses this legislative authorization to challenge an illegal sentence. In the present case the State's sentencing challenge was not advanced by means of a "motion to correct sentence" described in Indiana Code § 35-38-1-15. Rather, the State's reply brief merely asserts that, because two of the offenses for which the defendant was convicted were committed while he was on recognizance for other charges, the sentences imposed for these two offenses must be served consecutively, citing Indiana Code § 35-50-1-2(d)(2)(A).[7] The State thus did not file a motion to correct erroneous sentence with the trial court, but only raised the issue in responding to the defendant's appeal. This is understandable, however, in light of clear precedent emphasized in <u>Stephens</u> that the State may challenge an illegal sentence "for the first time on appeal." 818 N.E.2d at 939.

The purposes and procedures of the statutory framework for correcting an erroneous sentence support permitting the State's appellate claim of sentence illegality as a substantial equiva-

---

[7] In relevant part, this provision states: "If, after being arrested for one (1) crime, a person commits another crime: . . . (2) while the person is released: (A) upon the person's own recognizance; . . . the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." Ind. Code § 35-50-1-2(d)(2)(A).

lent to the motion identified in the statute. The statutory procedure does not compel a fact-finding hearing, nor does it specifically direct whether a motion to correct an erroneous sentence is to be filed with the trial court or in an appellate proceeding.

Considering the clear unacceptability of sentences that plainly exceed or otherwise violate statutory authority and the fact that the legislature has authorized the State to challenge erroneous sentences, we hold that sound policy and judicial economy favor permitting the State to present claims of illegal sentence on appeal when the issue is a pure question of law that does not require resort to any evidence outside the appellate record.[8] Allowing the State to challenge an illegal sentence on appeal is within the legislative intendment of Indiana Code § 35-38-1-15, and such a challenge is the substantial equivalent of a statutory motion to correct erroneous sentence.

Furthermore, we find that the timing requirements for the initiation of an appeal from final judgment under Indiana Appellate Rule 9(A) do not apply to require the State to initiate an appellate illegal sentence challenge within thirty days of a final judgment. There is no requirement that a motion to correct a sentence under § 35-38-1-15 must be made within thirty days of the final judgment. Hoggatt, 805 N.E.2d at 1284; *see also* Thompson v. State, 270 Ind. 677, 679, 389 N.E.2d 274, 276 (Ind. 1979); Niece v. State, 456 N.E.2d 1081, 1084 (Ind. Ct. App. 1983), *trans. not sought*. And in Robinson, we observed that such challenges could be filed even after a post-conviction proceeding. 805 N.E.2d at 788. Since the State's appellate challenge is the substantial equivalent of the motion to correct erroneous sentence, it likewise is not required to be initiated within thirty days of the sentencing judgment.

---

[8] Although not readily apparent, this result may be inconsistent with this Court's opinion in Griffin v. State, 493 N.E.2d 439, 444 (Ind. 1986). In Griffin, the State challenged on appeal the trial court's decision to reduce the defendant's convictions to class B felonies, based on its interpretation of an amendment to the Robbery statute. Declaring that "[o]ne may not piggyback an issue on his opponent's appeal," *id.*, we declined to address the State's claim because of its failure to file a motion to correct the sentence in the trial court. It is not clear whether the State was claiming that the sentence was statutorily unauthorized and thus illegal. Considering the importance of prohibiting and remedying illegal sentences, and in light of our further analysis of the nature and purposes served by Indiana Code §35-38-1-15, Griffin should not preclude the State from challenging unauthorized criminal sentences for the first time on appeal.

6

In conclusion, we grant transfer and hold that: (1) fundamental error is not a satisfactory rationale to justify the State's challenge to an illegal sentence; (2) the legislature intended to permit the State to challenge erroneous criminal sentences; (3) the State's appellate sentence challenge, when the issue is a pure question of law and does not require resort to evidence outside the appellate record, is an acceptable substantial equivalent to the motion to correct erroneous sentence; (4) the State's appellate challenge to an illegal sentence is not limited to facially erroneous sentences; and (5) such an appellate challenge need not be initiated in the trial court nor commenced within thirty days of the sentencing judgment. The State's appellate claim of sentence illegality was not waived by its failure to file a motion to correct erroneous sentence in the trial court or its failure to otherwise assert the claim within thirty days of the sentencing judgment. As the defendant does not challenge the merits of the State's claim of illegal sentence, we summarily affirm the decision of the Court of Appeals to require the challenged concurrent sentences to be served consecutively, and we summarily affirm its opinion in all other respects. Ind. Appellate Rule 58(A)(2).

Shepard, C.J., and Sullivan, J., concur. Boehm, J., dissents with separate opinion in which Rucker, J., concurs.

**Boehm, Justice, dissenting.**

I respectfully dissent. The majority holds that the State may challenge what it contends to be an illegal sentence by raising the issue in its appellee's brief in the Court of Appeals, even though the issue was never presented to the trial court. I agree that longstanding precedent permits the State to raise sentencing errors in a cross-appeal of a defendant's direct appeal. Stephens v. State, 818 N.E.2d 936, 940 (Ind. 2004) (citing Rogers v. State, 270 Ind. 189, 191, 383 N.E.2d 1035, 1036 (1979)); Ind. Appellate Rule 7(A). However, I would not permit the State to appeal an erroneous sentence without first raising the issue in the trial court.

Stephens explicitly declined to address whether the State waives a sentencing challenge by failing to raise it in the trial court. 818 N.E.2d at 940 n.4. This Court had previously addressed the issue inconsistently. In Rogers, the sentence imposed was provided by a law that was not in effect at the time of the crime and therefore was erroneous as a matter of law. 270 Ind. at 191, 383 N.E.2d at 1036. The Court viewed this sentence as fundamental error and permitted the State to challenge it on appeal without having presented the issue to the trial court. Id. But in Griffin v. State, 493 N.E.2d 439 (Ind. 1986), we reached a different conclusion. In that case, the trial court incorrectly sentenced the defendant for two class B felonies in lieu of two class A felonies. Id. at 443. The State appealed the sentence, having objected in the trial court but without filing a motion to correct the sentence. Then-Justice Shepard wrote

> This Court has consistently held that certain procedural mechanisms must be followed to preserve an issue for appellate review. Failure to abide by these procedural rules has often resulted in waiver of the issue. In this case, the State did object to the trial court's decision to reduce appellant's convictions to class B felonies. However, the State did not pursue this issue any further until it raised the question in the brief it filed in Griffin's appeal. One may not piggyback an issue on his opponent's appeal. In order to preserve the issue of an erroneous sentence for appellate review, the State is required to file a written motion to correct the sentence, accompanied by a memorandum of law which specifically delineates the defect in the original sentence. Ind. Code § 35-38-1-15 (Burns 1985).

Id. at 443–44. For the reasons explained below, I would follow Griffin and require that the State follow the procedure authorized in Griffin or pursue a motion to correct error under Trial Rule 59 to preserve its right to challenge a sentence on appeal.

We do not ordinarily allow parties to raise issues for the first time in an appellate court. Cavens v. Zaberdac, 849 N.E.2d 526, 533 (Ind. 2006); Endres v. Ind. State Police, 809 N.E.2d 320, 322 (Ind. 2004) (per curiam). This is based on several fundamental considerations, including the desirability of getting the trial court's views on the subject, giving the trial court the opportunity to correct any errors and obviate the need for appeal, and a concern that all facts bearing on an issue that was not raised in the trial court may not be fully developed. Endres, 809 N.E.2d at 322 (citing the advantages of preserving judicial resources, fully developing the record, utilizing the trial court's fact-finding expertise, and assuring that a claim is tested by the adversary process); cf. Singleton v. Wulff, 428 U.S. 106, 120 (1976) (citing the advantages of allowing parties to present all legal arguments and avoiding surprise on appeal). I believe the reasons for this rule apply equally here and that permitting the State to resurrect a dead issue in its appellee's brief raises some undesirable collateral issues.

As Judge Patrick Sullivan pointed out in his dissent in the Court of Appeals, Hardley v. State, 893 N.E.2d 1140, 1148–49 (Ind. Ct. App. 2008), the issue the State seeks to raise is not apparent on the face of the judgment. The State tells us in its appellee's brief that Hardley was charged with theft, released on his own recognizance, and then charged with confinement and convicted of both theft and confinement. The error the State alleges is failure to impose consecutive sentences as dictated by Indiana Code section 35-50-1-2(d)(2)(A), which requires consecutive sentences if an offender charged with one crime commits a second offense while released on the offender's own recognizance pending disposition of the first charges. In order to determine whether this provision applies to Hardley, we must know whether Hardley was in fact at large on his own recognizance when he committed the confinement. The appendix in this case reflects that fact, and I have no reason to question the State's claim. But human error, perhaps simply a clerical error, is possible even in an apparently routine issue such as this. If no issue was raised as to Hardley's status at the time of the confinement, its significance may have escaped both the trial court and the parties, and they should have the opportunity to address it. Permitting the issue to be raised on appeal converts the appellate court into a hearing office.

Perhaps equally important, the requirement to raise an issue or forego it promotes judicial economy by getting the issues out on the table at the outset, rather than requiring review on incomplete or even inaccurate assumptions. As this Court stated in Robinson v. State,

> When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. Other than an immediate motion to correct sentence, such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59, or upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A).

805 N.E.2d 783, 786 (Ind. 2004). In cases such as Hardley's, where the sentence is not "erroneous on its face," a motion to correct sentence is not an available remedy. Id. The defendant and the State must raise any claim of error within the thirty-day time limit to file a motion to correct error or notice of appeal. Ind. Trial Rule 59(C); App. R. 9(A). At present the State is limited in the issues it may raise on appeal. If the State wishes to expand its ability to challenge sentences it may seek additional authority from the General Assembly. It does not seem unreasonable to require the State to speak up within thirty days or forever hold its peace as to claimed sentencing errors that are not apparent on the face of the judgment. The reasons for that requirement are particularly forceful where, as here, the claimed error in the sentence cannot be resolved without some factual determinations, but I would impose the requirement in all cases. The benefit of encouraging the State to review the sentence and raise an error promptly outweighs the occasional windfall to a defendant erroneously given an incorrectly lenient sentence.

The majority suggests that the current framework permits trial courts to impose illegal sentences without any supervision. I see no reason to be concerned that our trial courts will not correct any errors that are called to their attention as a motion to correct error permits. But in the unlikely event that we suffer an epidemic of willfully incorrect sentencing, the General Assembly will respond appropriately. And enforcing the requirement to preserve error by raising it in the trial court will encourage the State to pay attention to sentencing and call any errors to the trial court's attention in a timely fashion.

Finally, it seems to me that opening the door to sentencing challenges by the State in its appellee's brief or by cross-appeal creates some additional problems. If defense counsel have what they consider to be substantial grounds for appeal on issues unrelated to the sentence, they must weigh the value of raising those issues by appeal against the risk of reopening the State's opportunity to extend the sentence. Whether the decision is to appeal and risk an enhanced sentence, or not to appeal and forego a potential reversal, the opportunity for further litigation over the effectiveness of defense counsel is enhanced. Moreover, raising an issue for the first time in

3

an appellee's brief in the Court of Appeals, as was done in this case, requires the defendant to use space in a reply brief to respond for the first time.

For the foregoing reasons, I would affirm the sentence imposed by the trial court.

Rucker, J., concurs.