In the Matter of Commitment
of M.E., Appellant,

v.

V.A. MEDICAL CENTER, Appellee.

No. 49A04–1102–MH–63.

Court of Appeals of Indiana.

Nov. 10, 2011.

Deborah Markisohn, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Tami R. Nantz, U.S. Department of Veterans Affairs, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

M.E. appeals from the order of regular commitment entered by the Marion Superior Court and argues that the trial court committed fundamental error by failing to issue an order scheduling a hearing within three days of its receipt of the petition for involuntary commitment and by failing to make a timely determination that M.E.'s prehearing detention was supported by probable cause. Concluding that M.E. has not established that the trial court committed fundamental error, we affirm.

### Facts and Procedural History

M.E. is a military veteran who suffers from chronic mental illness and has a history of multiple involuntary commitments over the course of the past two decades. On January 21, 2011, M.E. displayed be-

haviors during a visit with a social worker that caused the social worker to become concerned about M.E.'s mental state. The social worker brought M.E. to the emergency room and requested that he be evaluated by a psychiatrist. On that date, M.E. was admitted to the inpatient psychiatric unit of the VA Medical Center in Indianapolis ("the VA Center").

Six days later, on January 27, 2011, a physician employed by the VA Center filed a petition in the Marion Superior Court for the involuntary regular commitment of M.E. for a period expected to exceed ninety days. The petition was accompanied by a physician's statement alleging that M.E. suffered from schizophrenia, a psychiatric disorder, and that M.E. was dangerous and gravely disabled. Seven days later, on February 3, 2011, the trial court entered an order appointing counsel for M.E. and setting a hearing on the petition for February 8, 2011. At the conclusion of the February 8 commitment hearing, the trial court found that M.E. was suffering from a mental illness, specifically schizophrenia, that he was dangerous to others and gravely disabled, and that he was in need of custody, care, and treatment. The trial court therefore ordered M.E. committed to the VA Center for a period of time expected to exceed ninety days. M.E. now appeals.

### Discussion and Decision

■ As an initial matter, we note that M.E. did not object at trial on any of the bases asserted as error on appeal. Accordingly, in order to avoid waiver, M.E. must establish that the trial court committed fundamental error. *See In re Commitment of A.L.*, 934 N.E.2d 755, 758 (Ind. Ct.App.2010), *trans. denied.* "Fundamental error is error which is a blatant violation of our concepts of fundamental fairness and in which the harm is substantial and apparent." *Id.* In order to be deemed fundamental, an error must be "so likely to have infected the verdict or judgment *that* confidence in the correctness of the trial result has been undermined." *In re Commitment of Gerke*, 696 N.E.2d 416, 421 (Ind.Ct.App.1998); *see also Hardley v. State*, 905 N.E.2d 399, 402 (Ind.2009) (noting that the doctrine of fundamental error "applies to those errors deemed 'so prejudicial to the rights of a defendant as to make a fair trial impossible.'" (quoting *Barany v. State*, 658 N.E.2d 60, 64 (Ind. 1995))).

■ M.E. contends that the trial court erred by failing to issue an order scheduling a hearing within three days of its receipt of the petition for involuntary commitment and by failing to make a timely determination that M.E.'s prehearing detention was supported by probable cause. M.E. asserts that these errors violated statute, deprived M.E. of due process of law, and infringed M.E.'s rights under Article 1, Sections 1 and 12 of the Indiana Constitution. But even if we assume that M.E. is correct, we cannot conclude that he has established fundamental error.

Here, M.E. has not established that the trial court's delay in issuing an order scheduling a hearing or making a probable cause determination deprived him of a fair trial, nor has he established that the delay was "so likely to have infected the verdict or judgment that confidence in the correctness of the trial result has been undermined." *Gerke*, 696 N.E.2d at 421. Indeed, the only attempt M.E. makes to establish that the trial court's delay had any effect at all on the outcome of the commitment proceedings is to briefly argue that certain evidence presented at the commitment hearing was obtained as a result of his allegedly unlawful prehearing detention. Specifically, M.E. directs our attention to Dr. Amber Hunt's testimony at the commitment hearing that M.E. had,

without provocation, "hit a couple of other patients in face on the unit," and that these attacks occurred "since his admission over the last few days." Tr. p. 10. Based on this testimony, M.E. suggests that if he had not been detained, "then perhaps such conduct would not have occurred." Appellant's Br. at 9.

However, Dr. Hunt's testimony regarding M.E.'s aggression toward other patients would relate only to his dangerousness, and here, the trial court found that M.E.'s commitment was justified both on the basis of his dangerousness and because he was gravely disabled. *See* Ind.Code § 12–26–7–5 (2007) (providing that a trial court may enter an order of regular commitment upon a finding that the individual for whom commitment is sought is mentally ill and either dangerous or gravely disabled). Thus, even assuming that M.E.'s argument is sufficient to establish that the trial court's conclusion regarding M.E.'s dangerousness was tainted by his pretrial detention, he has not directed our attention to any evidence suggesting that the trial court's conclusion that M.E. is gravely disabled was so tainted. For all of these reasons, M.E. has not established fundamental error. *See In re Commitment of Tedesco,* 421 N.E.2d 726, 730 (Ind.Ct.App. 1981) (holding that committee's fourteen-day prehearing detention without a probable cause hearing violated due process, but reversal was not warranted because there was no evidence that the regular commitment hearing was tainted by the prehearing detention).

M.E. has not challenged the sufficiency of the evidence supporting his commitment, and he has not established that any of the errors asserted on appeal were fundamental. We therefore affirm the trial court's order of regular commitment.

Affirmed.

CRONE, J., concurs.

BAILEY, J., concurs in result with opinion.

BAILEY, Judge, concurring in result.

I fully concur in the result reached here. However, I write separately because I disagree with the analytical framework of allowing the appellant to argue "fundamental error" in this context so as to avoid procedural default. Failure to object waives an issue for appeal; the fundamental error exception to the waiver rule is "extremely narrow." *Boesch v. State,* 778 N.E.2d 1276, 1279 (Ind.2002). The exception applies "only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id.* "The mere fact that an alleged error implicates constitutional issues does not establish fundamental error has occurred." *Schmidt v. State,* 816 N.E.2d 925, 945 (Ind. Ct.App.2004), *trans. denied.*

I acknowledge that a civil commitment is a significant deprivation of liberty and that this Court has, in the past, entertained an appellant's argument that a civil commitment is analogous to a criminal trial. *See Jones v. State,* 477 N.E.2d 353, 360 (Ind. Ct.App.1985) (finding no fundamental error in the conduct of witness examination while "stress[ing] the need for procedural protections of the ill person's liberty interest"), *trans. denied.* More recently, separate panels of this Court have agreed that fundamental error is that which is "so likely to have infected the verdict *or judgment* that confidence in the correctness of the trial result has been undermined." *In re Commitment of Gerke,* 696 N.E.2d 416, 421 (Ind.Ct.App.1998) (emphasis added); *In re Commitment of A.L.,* 934 N.E.2d 755, 758 (Ind.Ct.App.2010), *trans. denied.*

I, however, do not feel at liberty to take the approach of applying the fundamental error rule to civil judgments. First, it has not been embraced by our Indiana Supreme Court. Second, I disagree with undertaking a "fundamental error" analysis where waiver would suffice. The substantive issue for determination in this case was whether M.E. should be provided mental health treatment on an involuntary basis. The appeal does not concern failure to prove an element or challenge basic procedural irregularities that call into question the reliability of the outcome of the proceeding.

Rather, at its heart, it is an evidentiary issue; that is to say, some evidence of M.E.'s interactions was generated during the pre-hearing delay. The trial court considered the testimony of the medical staff's observations concerning these interactions; this evidence was relevant to the commitment proceedings and admitted without objection from M.E. Thus, this issue is more appropriately a question of waiver not fundamental error.

Furthermore, M.E. provides no authority for the proposition that the remedy for pre-hearing delay is vacation of the mental health commitment. Thus, M.E. presents no cognizable argument for relief. Where an appellant fails to direct us to relevant facts or law to support an issue, the issue on appeal is waived. *Spaulding v. Harris*, 914 N.E.2d 820, 833 (Ind.Ct.App.2009), *trans. denied.*

For these reasons, I concur in result.