**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEPHEN R. HARVEY, JR.**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STEPHEN R. HARVEY, JR.,      ) | |
|      ) | |
| Appellant-Defendant,      ) | |
|      ) | |
| vs.      ) | No. 02A04-1201-CR-43 |
|      ) | |
| STATE OF INDIANA,      ) | |
|      ) | |
| Appellee-Plaintiff.      ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-0312-FB-243

**July 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Stephen R. Harvey, Jr. appeals the trial court's dismissal of his motion to correct erroneous sentence. Harvey raises a single issue for our review, namely, whether the trial court erred when it denied his motion to correct erroneous sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2003, the State charged Harvey with multiple felony counts and for being an habitual offender. In December of 2005, Harvey pleaded guilty to one count of robbery, as a Class B felony; one count of criminal confinement, as a Class B felony; and to being an habitual offender. The trial court accepted Harvey's guilty plea and imposed an aggregate sentence of fifty years.

More than six years later, Harvey filed a motion to correct erroneous sentence with the trial court, in which he alleged that his habitual offender enhancement was erroneously predicated on a nonexistent, prior conviction for "[C]lass B felony" burglary. Appellant's App. at 2. The trial court denied Harvey's motion as "extremely untimely." Id. at 4. This appeal ensued.

## DISCUSSION AND DECISION

Harvey appeals the trial court's denial of his motion to correct erroneous sentence. In particular, Harvey contends that the trial court erred when it denied his motion as "extremely untimely." Id. The State responds that Harvey was required to file his motion to correct erroneous sentence within thirty days of the trial court's sentencing order, or mid-January of 2006.

The State is incorrect. "There is no requirement that a motion to correct a sentence under [Indiana Code Section] 35-38-1-15 must be made within thirty days of the

2

final judgment." Hardley v. State, 905 N.E.2d 399, 403 (Ind. 2009). Our supreme court has even considered such motions after post-conviction proceedings. Robinson v. State, 805 N.E.2d 783 (Ind. 2004). Thus, Harvey's motion was not untimely.

Nonetheless, to demonstrate reversible error Harvey must show that the trial court's denial of his motion prejudiced his substantial rights. Ind. Appellate Rule 66(A). Our supreme court has described Harvey's burden to do so as follows:

> Use of the statutory motion to correct sentence should . . . be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied . . . . We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

Robinson, 805 N.E.2d at 787.

Here, Harvey's motion asserted that his sentence was erroneous because his habitual offender enhancement was based on a nonexistent prior conviction. To address this claim would require a consideration of proceedings before or during Harvey's trial. Thus, his claim of error is not clear from the face of the judgment. As such, he may not raise this question by way of a motion to correct erroneous sentence, and he cannot demonstrate reversible error.[1]

Affirmed.

RILEY, J., and DARDEN, J., concur.

---

[1] We note that the State goes one step further than we need to and asserts that the nonexistent "Class B" felony is a scrivener's error and that the record should properly read that the prerequisite felony conviction was a "Class C" felony. Appellee's Br. at 4.