**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**LISA DIANE MANNING**
Manning Law Office
Danville, Indiana



FILED
Jul 26 2013, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

STATE OF INDIANA, )
　)
Appellant-Plaintiff, )
　)
vs. )　No. 32A01-1304-CR-136
　)
ADRIAN LOTAKI, )
　)
Appellee-Defendant. )

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephenie LeMay-Luken, Judge
Cause No. 32D05-1101-FD-29

**July 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

While incarcerated, Adrian Lotaki struck and injured a prison employee. He was convicted of class D felony battery and was sentenced to 1095 days, to run consecutive to the sentence for which he was already incarcerated. At sentencing, the trial court awarded him 471 days for actual time served and 471 days as credit for time served.

The State filed numerous motions challenging the 471 days that Lotaki received for actual time served, since he was already serving time for his previous crime. The State now appeals the trial court's denial of its most recent motion to correct erroneous sentence. Finding that the State is not authorized to bring this appeal, we dismiss.[1] We also grant Lotaki's motion to strike cited portions of the State's appellant's appendix and brief in an order issued simultaneously with this decision.[2]

**Facts and Procedural History**

In September 2010, while serving a fifteen-year sentence for a 2005 class B felony criminal deviate conduct conviction, Lotaki committed battery upon an employee of the Indiana Department of Correction ("DOC"). He was subsequently convicted of class D felony battery resulting in injury and sentenced to 1095 days, to be served consecutive to his

---

[1] Lotaki filed a motion to dismiss this appeal, which the motions panel of this Court held in abeyance pending a decision by this panel.

[2] The motions panel of this Court also held in abeyance Lotaki's motion to strike certain designated portions of the State's appendix that were never admitted as evidence or otherwise included in any trial or appellate record. We grant Lotaki's motion to strike and order that the Department of Corrections ("DOC") report that was included on pages 61 through 63 of the appendix be so stricken. We also order stricken the portions of the State's brief that reference the stricken DOC document and credit being earned in his criminal deviate conduct cause. Appellant's Br. at 4, 5 n.4. Finally, we note that the State has failed to properly paginate its brief as required under Indiana Appellate Rule 43(F).

sentence in the criminal deviate conduct cause. When calculating his presentencing days actually served in the battery cause and the credit he was to receive based on the time served, the trial court awarded him time served of 471 days plus 471 days' credit.[3]

Thereafter, the State filed numerous motions, including two motions to reconsider sentence and two motions to correct erroneous sentence, claiming that Lotaki was given double credit because he was already incarcerated and getting credit for actual time served on the criminal deviate conduct cause when he committed the instant battery.[4] The trial court denied the State's motions to reconsider sentence and did not rule on its first motion to correct erroneous sentence. The State now appeals the trial court's denial of its most recent motion to correct erroneous sentence. Lotaki filed appellate motions to dismiss this appeal and to strike certain portions of the State's appellant's appendix and brief. Additional facts will be provided as necessary.

## Discussion and Decision

The State challenges the trial court's denial of its motion to correct erroneous sentence. We review a trial court's ruling on a motion to correct erroneous sentence only for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). An abuse

---

[3] Indiana inmates earn class I credit when imprisoned awaiting trial or sentencing. Ind. Code § 35-50-6-4(a). Class I credit means that an inmate earns one additional day off a sentence for each day actually served. Ind. Code § 35-50-6-3(a).

[4] The chronological case summary ("CCS") indicates that the State initiated an appeal on June 4, 2012, but the record is devoid of any evidence regarding the disposition. It was filed in the midst of the State's other repeated filings in the trial court, all of which addressed the same issue: Lotaki's credit for presentencing time served.

3

of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

The State asserts that Lotaki's sentence is erroneous because he received double credit for time actually served before sentencing. In its motion to correct erroneous sentence, the State relied on *Corn v. State*, 659 N.E.2d 554 (Ind. 1995). In that case, Corn was serving a sentence on an unrelated charge when he took part in a jail takeover and was convicted of nine felonies related to the incident. As required by statute, he was sentenced to a term consecutive to the prior sentence. Ind. Code § 35-50-1-2(b). He appealed, claiming that the trial court erred in denying him credit time for the days spent in prison awaiting trial on the new charges. Our supreme court affirmed the trial court's denial of credit time for those days because Corn committed the new offenses while he was serving time for the prior unrelated offense, and he was subject to mandatory consecutive sentencing. In *Diedrich v. State*, 744 N.E.2d 1004 (Ind. Ct. App. 2001), another panel of this Court, relying on our supreme court's holding in *Corn*, held that in cases involving mandatory consecutive sentences, the defendant is entitled to only one credit for the period of incarceration in question. *Id.* at 1007.

Here, Lotaki was serving consecutive sentences as required by statute. Thus, he was entitled to only one credit for time served. He was already in prison serving his sentence for criminal deviate conduct when he committed battery on a DOC employee, and as such, he was earning credit time for the prior unrelated offense during the interim between the charging date and sentencing date for the new offense. Thus, his sentence was illegal.

4

However, in denying the State's motion to correct erroneous sentence, the trial court found that the State failed to follow proper procedure for challenging the legality of Lotaki's sentence.

The State challenged Lotaki's sentence by filing two motions to reconsider and two motions to correct erroneous sentence. The appealed order in this case is the trial court's March 12, 2013 order denying the State's second motion to correct erroneous sentence. With respect to such challenges, Indiana Code Section 35-38-1-15 states,

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (citation and internal quotation marks omitted).

In *Robinson*, our supreme court discussed the avenues available for challenging sentencing errors:

> When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. Other than an immediate motion to correct sentence, such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59, or upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A). Thereafter, for claims not waived for failure to raise them by direct appeal, a defendant may seek recourse under Indiana Post–Conviction Rule 1, § 1(a)(3) by claiming "that the sentence exceeds the maximum authorized by law, or is otherwise erroneous." As noted above, however, we have recognized the statutory motion to correct sentence as an

alternate remedy. A trial court's ruling on a motion to correct sentence is subject to appeal by normal appellate procedures.

While the motion to correct sentence is available as an alternate remedy, we have repeatedly cautioned that it is appropriate only when the sentence is "erroneous on its face." We acknowledge that some of our decisions may not have rigorously applied the "erroneous on its face" standard ….

When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. *Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied*, notwithstanding [a few cases in which the standard was less rigorously applied]. We therefore hold that *a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment* imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Id*. at 786-87 (emphases added) (citations and footnotes omitted).

We find no error on the face of Lotaki's sentencing judgment. Instead, the order simply lists the conviction for class D felony battery, the total sentence of 1095 days in the DOC, the days of actual and good time credit (471 and 471), and the fact that he was sentenced to "straight time" with zero days suspended. Appellant's App. at 16. Nothing in the document mentions his previous conviction for criminal deviate conduct or the fact that his sentence would run consecutive to his sentence in that cause. The abstract of judgment lists the actual and good time credit days and indicates that his 1095-day sentence shall run consecutive to "71D02-0509-FB-123". *Id*. at 18.[5] This document does not list the

---

[5] 71D02-0509-FB-123 is the cause number for Lotaki's criminal deviate conduct conviction. However, "a motion to correct sentence is not available to challenge entries or omissions in an abstract of judgment." *Robinson*, 805 N.E.2d at 794-95.

commission dates of the offenses or the expected release dates.[6]  Simply put, the credit time

error is not a facial error.

Moreover, this appeal is procedurally askew in that sentencing appeals are initiated by

defendants.  In contrast, here, the *State* initiated the appeal of Lotaki's sentence.[7]  Indiana

Code Section 35-38-4-2 specifies the limited circumstances in which the State is permitted to

file an appeal:

> (1) From an order granting a motion to dismiss an indictment or information.
>
> (2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.
>
> (3) From an order granting a motion to correct errors.
>
> (4) Upon a question reserved by the state, if the defendant is acquitted.
>
> (5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.
>
> (6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:
>
> > (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;
> >
> > (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or
> >
> > (C) the remedy by appeal after judgment is otherwise inadequate.

---

[6] Interestingly, Lotaki's projected release dates are contained only in the DOC document stricken from the record pursuant to Lotaki's motion to strike.

[7] Although the CCS is unclear regarding the disposition of the State's June 2012 appeal, the State acknowledges that such an "appeal was improper under Indiana Appellate Rule 7(A)."  Appellant's Br. at 2 n.1.

With respect to appealing a defendant's sentence, Indiana Appellate Rule 7(A) provides, "The State may not initiate an appeal of a sentence, but may cross-appeal where provided by law." We find no statutory authority for the State to have filed the present appeal, and it is on that basis that we grant Lotaki's motion to dismiss.

The State argues that it is entitled to relief based on the illegality of the sentence. Lotaki argues (in the alternative to dismissal) that the trial court acted within its discretion in denying the State's motion to correct erroneous sentence. Both parties rely on *Hardley v. State*, 905 N.E.2d 399 (Ind. 2009). In *Hardley*, our supreme court held that the timing requirements for initiating appeals from final judgments under Indiana Appellate Rule 9(A) do not require the State to challenge an illegal sentence within thirty days of a final judgment. *Id*. at 403. In *Hardley*, the State did not file a statutory motion to correct erroneous sentence, but instead challenged the legality of Hardley's sentence via a cross-appeal filed after the thirty-day time limit for filing direct appeals. Our supreme court held that the cross-appeal challenge was allowable and noted that such challenges may be filed even after a post-conviction proceeding. *See Id*. (citing *Robinson*, 805 N.E.2d at 788). Curiously, after holding that the State's appellate challenge was tantamount to a motion to correct erroneous sentence, the *Hardley* majority concluded that such a challenge is not limited to facially erroneous sentences but is also proper when the issue is a pure question of law and does not require resort to evidence outside the appellate record. *Id*. at 404. To the extent that the *Hardley* majority seemingly draws no distinction between those sentences where the illegality can be determined by mere reference to the face of the judgment and those

8

requiring the reviewing court to delve into other documents in search of evidence of illegality, we respectfully find the decision to be internally ambiguous and not in keeping with the clear mandate of *Robinson* that "the 'facially erroneous' prerequisite should henceforth be strictly applied." *Robinson*, 805 N.E.2d at 787.

Notwithstanding, this case is procedurally distinguishable from *Hardley*. In *Hardley*, the State raised the erroneous sentence issue by filing a cross-appeal. The State did not do so here; neither did it object when the trial court announced Lotaki's credit time during sentencing nor file a motion to correct error nor perfect an appeal thereafter. Also, the State did not (by motion to correct error or otherwise) initiate any challenge to the trial court's denial of its two motions to reconsider Lotaki's sentence, both of which addressed the issue of credit for actual time served. In short, there is no facial error here, and the State's attempts to re-characterize the error are unavailing. In other words, this apple has been devoured. Accordingly, we grant Lotaki's motion to dismiss this appeal.

Dismissed.

ROBB, C.J., and FRIEDLANDER, J., concur.