## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 14 2020, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathon Luther,

*Appellant/Defendant,*

v.

State of Indiana,

*Appellee/Plaintiff.*

May 14, 2020

Court of Appeals Case No.
20A-CR-112

Appeal from the Harrison
Superior Court

The Hon. Joseph L. Claypool,
Judge

Trial Court Cause No.
31D01-1903-F6-245

**Bradford, Chief Judge.**

# Case Summary

In March of 2019, Harrison County authorities received a report that a fugitive with an outstanding felony warrant was staying at Jonathon Luther's house. When confronted, Luther denied that he was harboring a fugitive. The fugitive was eventually found hiding on Luther's property, and the State charged him with, *inter alia*, Level 6 felony assisting a criminal. Following Luther's conviction for assisting a criminal, the trial court sentenced him to two years of incarceration. Luther contends that the admission of certain testimony amounted to fundamental error and that his sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

At approximately 8:00 p.m. on March 22, 2019, Harrison County Sheriff's Deputy Nathan Ranke arrived at Luther's residence with two other officers in search of Jamie Mott, who was the subject of an outstanding arrest warrant and was believed to be at Luther's address. As Deputy Ranke walked toward Luther's detached garage, Luther and Robert Smith approached. When Deputy Ranke asked Luther if Mott was there, Luther denied that he was. Deputy Ranke obtained Luther's permission to search the garage and, based on methamphetamine pipes observed in plain sight, obtained a search warrant for the garage and residence. Mott was discovered under a lean-to on the side of the garage during the subsequent search.

On March 26, 2019, the State charged Luther with Level 6 felony methamphetamine possession, Level 6 felony assisting a criminal, and Class C

misdemeanor illegal possession of paraphernalia. On November 5, 2019, the State moved to dismiss the methamphetamine and paraphernalia charges, which motion the trial court granted. Luther's jury trial was held on November 7, 2019.

[4]     Before the presentation of evidence, Deputy Ranke testified outside the hearing of the jury that his observation of methamphetamine pipes in Luther's garage had been the basis on which he had obtained the search warrant. After discussion, the parties agreed that Deputy Ranke would only be able to testify in front of the jury that "items of contraband" had been the basis of the warrant application, which he did. Tr. Vol. II p. 86. The prosecutor also asked Deputy Ranke if he had been familiar with Luther previous to March 22, 2019, and he replied that he had been. The jury found Luther guilty of assisting a criminal, and, on December 16, 2019, the trial court sentenced Luther to two years of incarceration, identifying his criminal history as an aggravating circumstance.

## Discussion and Decision

### I. Fundamental Error

[5]     Luther contends that the admission of Deputy Ranke's testimony that he had been familiar with Luther previous to March 22, 2019, and that the search warrant was obtained based on his observation of methamphetamine pipes constituted fundamental error. A trial court's ruling on the admission or exclusion of evidence is reviewed for an abuse of discretion that results in prejudicial error. *Williams v. State*, 43 N.E.3d 578 (Ind. 2015). Because Luther did not object to the testimony of which he now complains, he has waived any

claim related to its admission. *See Wilson v. State*, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010) ("The failure to raise an issue at trial waives the issue on appeal."), *trans. denied*. In such cases, our review is limited to determining if fundamental error occurred. The doctrine applies only in "extraordinary circumstances[,]" *Hardley v. State*, 905 N.E.2d 399, 402 (Ind. 2009), and is meant to cure the "most egregious and blatant" trial errors, "not to provide a second bite at the apple for defense counsel who ignorantly, carelessly, or strategically fail to preserve an error." *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014). Even an error that is prejudicial or that implicates a constitutional right is not in and of itself sufficient to constitute fundamental error. *Salahuddin v. State*, 492 N.E.2d 292, 296 (Ind. 1986). Rather, a fundamental error is such a gross error that it renders any possibility of a fair trial "'impossible.'" *Hardley*, 905 N.E.2d at 402 (quoting *Barany v. State*, 658 N.E.2d 60, 64 (Ind. 1995)).

[6] Deputy Ranke testified that had been familiar with Luther previous to March 22, 2019, testimony that Luther claims prevented him from receiving a fair trial. Detective Ranke, however, indicated only that he had previously been familiar with Luther, elaborating no further. This simply does not qualify as evidence of other bad acts that is generally prohibited by Indiana Evidence Rule 404(b)(1). *See id*. ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Luther's argument is premised on the notion that the jury automatically assumed that Deputy Ranke could only have been familiar with Luther because of Luther's previous criminal activity.

There is, however, absolutely nothing in the record to indicate that other bad acts were the reason for Deputy Ranke's familiarity or that the jury assumed that they were. There are myriad innocuous ways in which Deputy Ranke could have been familiar with Luther prior to March 22, 2019, and Deputy Ranke's testimony fell short of establishing anything more than that. Luther has failed to establish fundamental error with regard to Deputy Ranke's testimony that he had been familiar with Luther prior to March 22, 2019.

[7] Luther also argues that Deputy Ranke's testimony that the search warrant was based on his observation of "a couple of meth pipes laying out in plain view" in Luther's garage constituted fundamental error. Tr. Vol. II p. 85. The testimony of which Luther complains, however, was not heard by the jury, having been elicited solely for the purpose of evaluating Luther's objection to its admission and the parties' arguments regarding what Deputy Ranke *would* be allowed to say on the stand. Consequently, it cannot have had any effect on the jury's decision. Luther has failed to establish fundamental error with regard to Deputy Ranke's testimony that he sought the search warrant based on his observation of methamphetamine pipes in Luther's garage.

## II. Sentence

[8] Luther contends that his two-year sentence for Level 6 felony assisting a criminal is inappropriately harsh. We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate

review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the due consideration we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). The offender carries the burden to show that his sentence is inappropriate, a burden that can only be "overcome by compelling evidence portraying in a positive light the nature of the offense […] and the defendant's character[.]" *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Luther was convicted of a Level 6 felony, and Indiana Code section 35-50-2-7 provides, in part, that "[a] person who commits a Level 6 felony […] shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year."

[9] The nature of Luther's offense does not warrant a downward adjustment to his sentence. Luther harbored a fugitive wanted on a 2012 felony warrant and, when confronted, lied to police about that fugitive being on his property.

Moreover, the presence of methamphetamine pipes in Luther's garage indicates that additional criminal conduct was either being committed or tolerated by Luther. Harboring a fugitive and possessing paraphernalia does not meet Luther's burden to cast the nature of his offense "in a positive light," which he must do to obtain relief under Rule 7(B). *Stephenson*, 29 N.E.3d at 122.

[10] Luther's character also does not justify a downward revision. While Luther argues that his criminal history should not be considered particularly aggravating, we disagree with that assessment. Luther has two 2004 felony convictions for intimidation, with the two acts of intimidation occurring only eleven days apart, and a 2009 misdemeanor conviction for illegal harvest of ginseng. The State petitioned to have Luther's suspended sentence revoked in two of those cases. Moreover, Luther has been charged with sixteen other crimes in eight cases which did not result in convictions. Despite Luther's convictions and many other contacts with the criminal justice system, he has not yet chosen to conform his behavior to societal norms. We would also note that Luther did not receive the maximum sentence, with the trial court imposing two years of incarceration when it could have added another six months. Luther has failed to establish that his sentence is inappropriately harsh.

[11] We affirm the judgment of the trial court.

Baker, J., and Pyle, J., concur.