Robert GADDIE, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8808–CR–756.

Supreme Court of Indiana.

Feb. 13, 1991.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Pursuant to a plea agreement executed March 18, 1985, appellant pleaded guilty to voluntary manslaughter, I.C. 35–42–1–3, a Class B felony. The plea agreement provided that at the time of appellant's sentencing, the State would recommend that both sides argue for an appropriate sentence, with the trial court determining the actual sentence. On April 25, the trial court sentenced appellant to eighteen years, which represented the presumptive ten-year sentence for the offense of voluntary manslaughter, enhanced by eight years for aggravating circumstances.

On November 20, 1987, appellant filed a pro se motion to correct erroneous sentence and memorandum in support thereof pursuant to I.C. 35–38–1–15. On December 7, the trial court denied this motion. On December 21, appellant filed a pro se motion to correct errors, addressed to the December 7 ruling, which was denied on Decem-

ber 22. On December 23, appellant contacted the Public Defender of Indiana and asked for assistance in this cause. On May 11, 1988, appellant, by counsel, filed a petition for permission to file a belated appeal. This petition was granted on May 19.

Appellant now brings this direct appeal asserting error in that the court ruled upon his motion without a formal hearing, ruled upon his motion without appointing counsel, and that the sentencing judge failed to state specific reasons for his decision to enhance appellant's sentence and did not properly balance aggravating and mitigating circumstances.

The statute governing appellant's motion, I.C. 35-38-1-15, allows for the correction of an erroneous sentence and requires a motion to correct sentence to be in writing and to be supported by a memorandum of law specifically pointing out the defect in the original sentence. Appellant's motion to correct erroneous sentence was summarily denied by the trial court, without providing appellant with an opportunity to present an oral legal argument or to present evidence. Appellant contends that the trial court erred in proceeding in this fashion.

■ We hold that, in this instance, it was not error for the trial court to determine appellant's motion to correct erroneous sentence following this summary procedure. In explanation of the function of this post-conviction procedure this Court has recently said:

The use of the statutory procedure should be limited to those instances where the sentence is erroneous on its face. The use of Ind.Code § 35-38-1-15 is proper for errors in sentencing similar to those which an appellate court would hold to be fundamental and would correct even if presented for the first time on appeal. Such fundamental error would include illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision. See *Killian v. State* (1987), Ind., 512 N.E.2d 411, 412. Not included within the type of fundamental error that may be raised under the statute would be

constitutional issues or issues concerning how the trial court weighed factors in imposing sentence.

*Jones v. State* (1989), Ind., 544 N.E.2d 492, 496. The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence. Here the allegation in the motion for correction of sentence is a general one. The claim is made that the sentencing judge failed to state any specific reasons justifying the enhancement of the standard ten-year sentence by adding an additional eight years to it. The allegation is supported by a written memorandum containing legal arguments in support of the motion as required by the governing statute. The allegation, however, does not raise an issue of fact requiring an evidentiary hearing. It is based entirely upon the records of the Court reflecting the sentencing procedures and resulting order. When the judge ruled that the sentence not be altered, he had in hand the written motion, the supporting written legal arguments, and the material court record. With all necessary materials in hand, the trial court properly ruled without appellant being personally present and without conducting a formal hearing.

■ Appellant also contends that he would have been granted a formal hearing if he had had a lawyer and the trial court was in error in not appointing one for him at public expense or referring his motion to the State Public Defender pursuant to the Court's post-conviction rules. In *Gee v. State* (1987), Ind., 508 N.E.2d 787, the defendant followed the same steps taken by appellant in this case, and like appellant made the same claim of lack of due representation when seeking an appeal of an adverse ruling upon his pro se motion to correct erroneous sentence. This Court denied Gee's claim in that instance and appellant can fare no better than did Gee.

■ We turn then to review the trial court's ruling denying the motion to correct erroneous sentence upon its merit. Appellant was clearly incorrect in his assertion that the trial court failed to identify any aggravating circumstances warranting the

enhancement of his sentence. The record plainly shows that the sentencing Court provided appellant with an opportunity to present support for any existing mitigating factors, considered the pre-sentence report, the nature and circumstances of the crime committed, the risk that appellant will commit another crime, and appellant's prior criminal record, character, and condition, and explicitly identified appellant's prior convictions as an aggravating circumstance.

 Appellant next challenges the sentencing process because the trial court did not identify any mitigating circumstances and failed to balance the aggravating and mitigating factors. In this context, the record shows that the trial court did not make a finding expressly negating potentially mitigating circumstances. Relevant to this issue this Court has stated:

> When a defendant argues mitigating circumstances to a trial court, the sentencing judge is not obligated to explain why he has chosen not to make a finding of mitigation. This is particularly true when an examination of the underlying record shows the highly disputable nature of the mitigating factors. Moreover, the trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way the defendant does.

*Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254–55, (citations omitted). In the present case, appellant did not inform the trial court of any mitigating circumstances at the sentencing hearing. Further, on appeal, appellant does not identify any mitigating circumstances that were not considered by the trial court.

The record is also largely devoid of potential mitigating circumstances. The pre-sentence report does state that appellant has several dependents and is obligated to pay $90 a month in child support. The pre-sentence report, however, does not address appellant's diligence in making these support payments. Further, because appellant has been unemployed since 1983, it is doubtful that his dependents will suffer undue material hardship as a result of his incarceration. The record is otherwise silent as to any other potential mitigating circumstances. Under these circumstances, we do not find error in the trial court's failure to specifically address the issue of mitigating circumstances, or to make an express statement that opposing factors were balanced against one another.

The appellate claims of error find insufficient support. The trial court's denial of appellant's motion to correct sentence is therefore affirmed.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.