George B. MILLER, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 78A01–9508–CR–240.

Court of Appeals of Indiana.

Dec. 21, 1995.

John J. Dornette, Lawrenceburg, for Appellant.

Pamela Carter, Attorney General of Indiana and Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

George B. Miller appeals his two convictions of child molesting, both as class C felonies. Miller received concurrent, eight-year sentences, four years of which the trial court suspended. He claims the trial court committed several errors in the determination of his total sentence. We affirm.

The record reveals that the State charged Miller with seven counts of child molesting. He was the step-father of the victim and had committed acts of fondling, sexual deviate conduct, and sexual intercourse from the time she was five until she was fifteen years of age. Upon questioning, Miller acknowledged that whatever the victim had said had happened had, in fact, happened. Miller pled guilty to two of the counts of child molesting. The trial court granted the State's request to dismiss the remainder of the counts.

This Court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Hurt v. State* (1995), 657 N.E.2d 112, 114. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Id.* at 114.

Only when such inappropriateness exists will we revise a sentence in order to make it reasonable. *Barany v. State* (1995), 658 N.E.2d 60, 66–67. Sentencing is normally left to the sound discretion of the trial court. *Id.*

We proceed to review sentences under the rule with the knowledge that reason-

able minds may differ on what sentence is appropriate in any given case. *Hurt,* 657 N.E.2d at 114. Given the degree of subjectivity that cannot be eliminated in the sentencing process, it would be inappropriate for us merely to substitute our opinions for those of the trial judge. *Id.*

■ Further, the trial judge is responsible for determining the appropriate weight of aggravating and mitigating factors in sentencing. *Hurt,* 657 N.E.2d at 115. The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Id.* Failure to find a mitigating circumstance clearly supported by the record, however, gives rise to a belief that the court was not cognizant of it and therefore failed to consider it. *Barany,* 658 N.E.2d at 67.

■ Miller first claims the trial court did not provide a sufficient statement of reasons to support the enhancement of the presumptive sentences. The trial court concluded, "Defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility" but did not list any specific facts to support the conclusion. Miller contends the factor cannot constitute a valid aggravating factor without such specific facts. Only one valid aggravator, however, is needed to sustain an enhanced sentence. *Reaves v. State* (1992), Ind., 586 N.E.2d 847, 852. The trial court also concluded that "the victim was young and under the partial custodial care of Defendant as a step father" and that "more than one (1) offense of child molesting was committed on the victim by the Defendant." The record supports the determination that these aggravating factors exist. The factors, in turn, support the enhancement of the presumptive sentences.

■ Miller also claims the trial court erroneously found that the aggravating factors exceeded the mitigating factors in the determination of the proper sentence. Specifically, Miller contends the trial court did not properly consider that he had no history of delinquent or criminal activity, that he had led a law abiding life for a substantial period of time before the commission of the child molesting, that he was likely to respond affirmatively to probation or a short term of imprisonment, that his character and attitudes indicated he was unlikely to commit another crime, and that he had made restitution to the victim for the child molesting.

A review of the sentencing order reveals that the trial court considered, "Defendant has no prior criminal record, his prior character and conditions are considered good." The trial court noted that, "imposition of a sentence reduced from the presumed sentence and imposition of probation for any part of the presumed sentence of four (4) years would depreciate the seriousness of the crimes." The trial court stated that the, "risk that Defendant will commit another crime: unknown."

■ The trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way the defendant does. *Gaddie v. State* (1991), Ind., 566 N.E.2d 535, 538 (citing *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254–1255). The only supposed mitigating factor the trial court did not consider was that Miller had made some restitution to the victim through several psychiatric counseling sessions. The trial court considered all of the other alleged mitigating factors Miller now identifies on appeal and also found as a mitigating factor that "economic hardship will occur to Defendant's family when imprisoned as Defendant's wife is not employed and Defendant was the breadwinner for his family."

■ As for the supposed mitigating factor of restitution, Miller's insurance provided eight counseling sessions, while Miller provided $35 in co-payment. The record before the trial court showed that the victim was required to take medication for major depression and that she had probable post-traumatic stress disorder related to sexual abuse. Reasonable minds may differ on whether record clearly supports the alleged mitigating circumstance of "restitution." The counseling sessions did not so clearly constitute restitution that the failure to find them to be a mitigating factor amounts to an abuse of discretion.

The challenges to the appropriateness and adequacy of the trial court's determination process are merely an invitation to this Court to substitute its opinions about the existence of aggravating and mitigating circumstances and about the weight to be given them for those of the court below. We discern no abuse of discretion on the part of the trial court.

Also, where the record indicates that the trial court engaged in the evaluative processes but simply did not articulate sufficiently the reasons for sentence enhancement and the record indicates that the sentence was not manifestly unreasonable, the purposes of the specificity requirement of sentencing are satisfied. *Jones v. State* (1992), Ind., 600 N.E.2d 544, 548. As determined below, the sentences in this case are not manifestly unreasonable. Even if the trial court did not sufficiently articulate the reasons for the sentence enhancement, the record shows the trial court engaged in the evaluative process and the specificity requirements of sentencing therefore are satisfied.

Lastly, Miller claims his total sentence is manifestly unreasonable. We note that the sentencing order sufficiently identifies the nature of the offense and the character of the offender. Under the circumstances of this case, a reasonable person could find the sentence to be imposed is appropriate. Given the degree of subjectivity in the sentencing process, we decline Miller's invitation to substitute our opinions for those of the trial judge. The total sentence is not manifestly unreasonable and is not in need of revision.

Judgment affirmed.

BAKER and GARRARD, JJ., concur.