Ali Abdul HAKIM, a/k/a Jesse James Williams, appellant,

v.

STATE of Indiana, appellee.

No. 48S02–0404–PC–164.

Supreme Court of Indiana.

April 19, 2004.

*PUBLISHED ORDER GRANTING TRANSFER OF JURISDICTION AND AFFIRMING THE JUDGMENT OF THE TRIAL COURT*

The chronological case summary from this case indicates that on February 23, 1994, the appellant pled guilty and was sentenced on four counts of forgery. The

sentences were later modified on May 15, 1995. Following admitted probation violations in 1998, appellant was re-sentenced. In a belated appeal, the judgment of the trial court was affirmed. *Williams v. State*, Cause No. 48A02–9902–CR–98, 720 N.E.2d 18 (*Memo. Dec.*, Ind. Ct.App., Nov. 19, 1999).

Following a hearing, a petition for post-conviction relief was denied November 22, 1999. That decision was also affirmed on appeal. *Hakim v. State*, Cause No. 48A02–9912–PC–835, 740 N.E.2d 175 (*Memo. Dec.*, Ind. Ct.App., Nov. 15, 2000).

On October 3, 2003, the appellant filed a motion to correct erroneous sentence. In the motion, Appellant noted that as part of his re-sentencing in 1998, he was credited with time actually served in pretrial detention. However, appellant asserted that the trial court "failed to credit good time owed to petitioner." The trial court denied the motion, stating, "Offender is presumed to earn 2 for 1 unless otherwise stated by the court," and stating further that the Department of Correction "will give him his good time credit." This appeal ensued.

The Court of Appeals dismissed the appeal. In its order of dismissal, the court stated that a motion to correct erroneous sentence is considered a form of petition for post-conviction relief and that appellant had failed to obtain leave to file a successive post-conviction relief petition, as required by Ind. Post–Conviction Rule 1 § 12. The pending petition to transfer jurisdiction was filed after the Court of Appeals denied rehearing.

Subsequent to the dismissal of this appeal, we issued our opinion in *Robinson v. State*, 805 N.E.2d 783 (Ind., 2004).

In *Robinson*, we held that a motion to correct erroneous sentence based on clear facial error is not in the nature of a post-conviction proceeding, and therefore may also be filed after a post-conviction proceeding has already been conducted without seeking the prior authorization necessary for successive petitions for post-conviction relief under Indiana Post–Conviction Rule 1 § 12. *Op.* at 788. We overruled any cases that held to the contrary. *Id.* Thus, the basis for dismissal relied on by the Court of Appeals is no longer good law.

The Court of Appeals dismissed the appeal under its reading of the case law as it stood at that time. But regardless of whether this particular rule of law is to be applied to appeals pending at the time *Robinson* was decided, the appellant is not entitled to relief. For as we also stated in *Robinson*:

> Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days ... Because the omission of designation of the statutory credit time entitlement is thus corrected by this presumption, such omission may not be raised as an erroneous sentence.

*Op.* at 792. Appellant has no basis for filing a motion to correct erroneous sentence under our holding in *Robinson* and the trial court correctly denied the motion. We grant transfer of jurisdiction pursuant to Ind. Appellant Rule 58(A), vacating the dismissal order of the Court of Appeals, and affirm the judgment of the trial court.

All Justices concur.