Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**LARRY A. HELLYER**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 20 2012, 9:27 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY HELLYER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1107-CR-396 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-1003-FA-197

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Larry Hellyer ("Hellyer") appeals from the denial of his motion to correct erroneous sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 9, 2010, Hellyer pleaded guilty in Cause Number 34D04-1007-FB-102 ("Cause No. 102") to battery[1] as a Class C felony. The written plea agreement, in pertinent part, provided: "The Defendant shall be sentenced to 6 years executed at the Indiana Department of Correction[] [("DOC")], which time shall run concurrently with any sentence imposed under Cause No. 34D01-1003-FA-00197" ("Cause No. 197"). *Appellant's App.* at 12. Thereafter, on November 24, 2010, Hellyer pleaded guilty in Cause No. 197 to dealing in methamphetamine[2] as a Class B felony. That written plea agreement, in pertinent part, provided: "[Hellyer] shall be sentenced to 14 years to the DOC to be served consecutively to the sentence in [Cause No. 102]." *Id*. at 14. The trial court accepted the plea agreement in Cause No. 197, imposed a sentence of fourteen years, and ordered the sentence to be served consecutively to the sentence imposed under Cause No. 102. *Id*. at 4.

On June 30, 2011, Hellyer filed his pro se "Motion to Correct Erroneous Sentence," and the trial court denied the motion the same day. *Id*. at 5, 8-10. Hellyer now appeals.

---

[1] *See* Ind. Code § 35-42-2-1. Hellyer had initially been charged with aggravated battery as a Class B felony, under Indiana Code section 35-42-2-1.5, but entered a plea for battery as a Class C felony. *Appellant's Br.* at 12.

[2] *See* Ind. Code § 35-48-4-1.1.

2

**DISCUSSION AND DECISION**

Hellyer appeals the trial court's denial of his motion to correct erroneous sentence under Indiana Code section 35-38-1-15, contending that his consecutive, fourteen-year sentence "negat[ed] the terms of the sanctioned (written) plea agreement [in Cause No. 102] which required concurrent sentencing." *Appellant's Br.* at 6.

The purpose of Indiana Code section 35-38-1-15 "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State,* 805 N.E.2d 783, 786 (Ind. 2004) (quoting *Gaddie v. State,* 566 N.E.2d 535, 537 (Ind. 1991)). A motion to correct erroneous sentence may only be filed, however, to address a sentence that is "erroneous on its face." *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008) (citing *Robinson,* 805 N.E.2d at 786).

> When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be *narrowly confined to claims apparent from the face of the sentencing judgment*, and the "facially erroneous" prerequisite should henceforth be strictly applied . . . . We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Robinson*, 805 N.E.2d at 787 (emphasis added). Under the facts of this case, Hellyer's assertion that the trial court improperly or illegally ordered him to serve his sentence in Cause No. 197 consecutively to his sentence in Cause No. 102 is not a claim that may be raised through a motion to correct erroneous sentence.

First, it is not clear that the trial court improperly or illegally ordered Hellyer to

3

serve his sentence consecutively to another sentence already imposed. Indeed, such a sentence is specifically provided for in the Indiana Code. Indiana Code section 35-50-1-2(d), in pertinent part, provides that if, after being arrested for one crime, a person commits another crime "before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime . . . the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

Second, Hellyer's claim required the trial court to look at the facts of the case, review the timing of the crimes, as well as review the two written plea agreements. Thus, it is only by resorting to matters beyond the face of the judgment that impropriety, if any, could possibly be discerned. A motion to correct erroneous sentence is a vehicle that allows for claims of error apparent on the face of the sentencing order, and this claim does not fit that specification. *Robinson,* 805 N.E.2d at 787. Therefore, Hellyer's argument is not properly presented by way of a motion to correct erroneous sentence. As such, we affirm the denial of Hellyer's motion to correct erroneous sentence without prejudice to his right to seek post-conviction relief.

Affirmed.

BARNES, J., and BRADFORD, J., concur.

4