**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 09 2012, 9:03 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROBERT OLDHAM**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROBERT OLDHAM, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A02-1106-CR-633 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
The Honorable Stanley E. Kroh, Commissioner
Cause No. 49G04-0606-MR-106634

**August 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Robert D. Oldham appeals the denial of his motion to correct erroneous sentence. We affirm.

## Issue

The sole issue for our review is whether the trial court properly denied Oldham's motion.

## Facts and Procedural History

In 2007, Oldham was convicted in a bench trial of involuntary manslaughter and carrying a handgun without a license. The trial court sentenced him to forty years imprisonment. This Court affirmed his convictions on direct appeal in 2008. Oldham v. State, No. 49A05-0709-CR-500, (Ind. Ct. App. April 11, 2008), trans. denied. In 2011, Oldham, appearing pro se, filed a Motion to Correct Erroneous Sentence wherein he argued that the trial court used improper aggravators to enhance his sentence. The trial court denied the motion, and Oldham appeals.

## Discussion and Decision

A motion to correct erroneous sentence is a statutory remedy that provides prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence. *Robinson v. State,* 805 N.E.2d 783, 785 (Ind. 2004) (citing *Gaddie v. State,* 566 N.E.2d 535, 537 (Ind. 1991)). It is appropriate, however, only when the sentence is erroneous on its face. *Robinson,* at 787. This statutory remedy is not available when the claim requires consideration of matters outside the face of the sentencing judgment or

proceedings before, during or after trial. *Id.* For sentencing claims that are not facially apparent, the motion to correct erroneous sentence is an improper remedy. *Id.* Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings. *Id.*

Here, Oldham's arguments require us to consider matters outside the face of the sentencing judgment, such as the transcript of the sentencing hearing. Accordingly, Oldham had no basis for filing a motion to correct erroneous sentence, and the trial court properly denied it. *See Hakim v. State,* 806 N.E.2d 774, 775 (Ind. 2004) (concluding that where Hakim had no basis for filing a motion to correct erroneous sentence, the trial court properly denied a motion to correct error under the Indiana Supreme Court's holding in *Robinson*).

Affirmed.

RILEY, J., and CRONE, J., concur.