## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Oct 02 2015, 9:02 am
*Kevin S. Smith*
**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

David Streeter
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Streeter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 2, 2015

Court of Appeals Case No.
44A03-1408-CR-291

Appeal from the LaGrange
Superior Court;
The Honorable George E. Brown,
Judge;
44D01-0011-CF-49

**May, Judge.**

[1] David Streeter appeals the denial of his motion to correct erroneous sentence. Because analysis of the alleged error required looking beyond the face of the sentencing order to determine the facts underlying his convictions, his claim could not be addressed in the context of a motion to correct erroneous sentence.

[2] We therefore affirm.

## Facts and Procedural History

[3] For acts that occurred between May and September of 1999, the State charged Streeter with one count of Class A felony child molesting,[1] two counts of Class C felony child molesting,[2] and an allegation he is a repeat sexual offender.[3] Streeter entered a guilty plea to all four allegations, and the court imposed a sixty-year sentence. The court ordered Streeter to serve fifty years for the Class A felony consecutive to ten years for being a repeat offender, with two eight-year sentences for the Class C felonies to be served concurrent to the rest of the sentence.

[4] Streeter filed a motion to correct erroneous sentence. The court denied that motion in an order that explained only: "After considering the evidence and

---

[1] Ind. Code § 35-42-4-3.

[2] Ind. Code § 35-42-4-3.

[3] Ind. Code § 35-50-2-14.

argument presented at the hearing, the Court now denies the Defendant's motion to correct erroneous sentence." (App. at 136.)

## Discussion and Decision

[5] A motion to correct erroneous sentence derives from Indiana Code § 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The Sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[6] Such a motion is intended "to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)). However, it is appropriate for use "only when the sentence is 'erroneous on its face,'" *id*. at 786, and "the 'facially erroneous' prerequisite should . . . be strictly applied." *Id*. at 787. If claims of sentencing errors require consideration of matters other than the sentencing judgment itself, they should be raised on direct appeal or in a petition for post-conviction relief. *Id*.

[7] A ruling on a motion to correct erroneous sentence is appealed by "normal appellate procedures." *Id.* at 786. We review the trial court's decision for an abuse of discretion, which occurs when the "court's decision is against the logic

and effect of the facts and circumstances before it." *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010).

[8]     Streeter's motion to correct erroneous sentence asserted his multiple convictions of child molesting "violate the prohibition against double jeopardy," because they are based on the same evidence. (App. at 115-16.) In support thereof he cites the transcript and the circumstances under which he entered his guilty plea. Thus, he asked the trial court to look at the proceedings to determine whether his sentence is erroneous. It could not. *See Fry*, 939 N.E.2d at 690 ("Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence.").

[9]     Nor do we see any double jeopardy violation apparent on the face of his sentencing order. That document provides, in relevant part:

> The Court enters JUDGMENTS OF CONVICTION for the offense **CHILD MOLESTING, a Class A Felony, as charged in Count I; CHILD MOLESTING, a Class C Felony, as charged in Count II; CHILD MOLESTING, a Class C Felony, as charged in Count III; and REPEAT SEXUAL OFFENDER.**
>
> Argument heard as to sentencing. The Court sentences the defendant as follows:
>
> **COUNT I** – That he pay a fine to the State of Indiana in the amount of **$1.00** plus court costs of **$129.00** plus a child abuse prevention fee of **$100.00**; and that he serve **fifty (50) years** at the Indiana Department of Correction.

**COUNT II** – That he pay a fine to the State of Indiana in the amount of **$1.00**; and that he serve **eight (8) years** at the Indiana Department of Correction, concurrent with Count I.

**COUNT III** – That he pay a fine to the State of Indiana in the amount of **$1.00**; and that he serve **eight (8) years** at the Indiana Department of Correction, concurrent with Count I and II.

**COUNT IV** – That he serve **ten (10) years** at the Indiana Department of Correction, consecutive to Counts I, II, & III.

(App. at 73) (emphases in original). As no double jeopardy violation is apparent from the language in that document, Streeter was not entitled to relief. and the court did not abuse its discretion by denying his motion.

## Conclusion

Because Streeter's argument required the court to look past the face of the sentencing order, he could not obtain relief by filing a motion to correct erroneous sentence. Nor was any double jeopardy violation apparent from the face of his sentencing order. We therefore affirm the trial court's denial of his motion.

Affirmed.

Crone, J., and Bradford, J., concur.