## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 26 2016, 9:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| *Pro Se* Appellant | Attorneys for Appellee |
| Richard D. Carter<br>New Castle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Justin F. Roebel<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard D. Carter,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | October 26, 2016<br><br>Court of Appeals Case No.<br>51A01-1602-CR-272<br><br>Appeal from the Martin Circuit Court<br><br>The Hon. Lynne E. Ellis, Judge<br><br>Trial Court Cause No.<br>51C01-9309-CF-79 |

**Bradford, Judge.**

## Case Summary

Appellant-Petitioner Richard Carter, *pro se*, appeals the denial of his motion to correct erroneous sentence. Specifically, Carter raises two issues, which we restate as follows: (1) whether the trial court erred when it denied Carter's motion to correct erroneous sentence; and (2) whether Carter can raise a claim that his direct appeal counsel was ineffective for the first time during an appeal from the denial of a motion to correct erroneous sentence. We affirm.

## Facts and Procedural History

On September 23, 1993, Carter was charged with armed robbery as a Class A felony, armed robbery as a Class B felony, battery as a Class C felony, and two counts of theft as Class D felonies. Prior to trial, the State dismissed the two counts of theft. On August 21, 1996, a jury found Carter guilty of the remaining charges. At a sentencing hearing on September 24, 1996, the trial court merged the battery conviction with the Class A felony robbery conviction. The trial court subsequently sentenced Carter to consecutive terms of fifty years for the Class A felony robbery and twenty years for the Class B felony robbery. This Court affirmed Carter's convictions on March 18, 1998, in a memorandum decision under Cause 51A04-9701-CR-15. On December 21, 2015, Carter filed a motion to correct erroneous sentence and a supporting memorandum of law. The trial court denied the motion to correct erroneous sentence on January 5, 2016.

## Discussion and Decision

# I.  Motion to Correct Sentence

Carter's motion to correct sentence derives from Indiana Code Section 35-38-1-15 which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void.  The sentence shall be corrected after written notice is given to the convicted person.  The convicted person and his counsel must be present when the corrected sentence is ordered.  A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991).  Our Supreme Court has held that "a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004).  Furthermore, such a motion is not appropriate when a claim requires consideration of the proceedings before, during, or after trial.  *Id.* When claims of sentencing errors do require consideration of matters outside of the sentencing judgment, they are best addressed promptly on appeal or later, if applicable, via post-conviction relief proceedings.  *Id.*

In the present case, Carter is challenging his sentence by a motion to correct sentence claiming that the trial court violated Indiana Code Section 35-50-1-2 when it sentenced him to an aggregate term of seventy years.  According to

Carter's interpretation of the statute, fifty years was the maximum term of imprisonment for which he was eligible because his crimes were "committed during a short period of time at one location, were integrated parts of one continuous criminal design and plan, were motivated by the same criminal intent and thus comprised a single episode of criminal conduct." Appellant's Br. p. 26-27. However, Carter also states that his crimes, robbery as a Class A felony and robbery as a Class B felony, are crimes of violence[1] as defined by the legislature in Indiana Code Section 35-50-1-2. These crimes of violence are exempt from the sentencing limitation in the above mentioned statute.[2] Consequently, we affirm the trial court.

## II.   Ineffective Assistance of Appellate Counsel

Carter contends that his appellate counsel was ineffective because he did not challenge Carter's sentence as violating Indiana's single episode sentencing limitation. Carter raises this claim for the first time in the instant appeal. In

---

[1] A crime of violence for purposes of this section includes robbery as a Class A felony and robbery as a Class B felony. Ind. Code § 35-50-2-8(a)(12) (1997).

[2] At the time of Carter's direct appeal, the statute provided that:

> The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind. Code § 35-50-2-8 (1997).

fact, Carter himself acknowledges in his brief that such claim was not raised until this appeal from the denial of his motion to correct erroneous sentence.

[6] As a general rule, an argument raised for the first time on appeal is considered waived and will not be considered by this court. *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). Moreover, the issue of ineffective assistance of appellate counsel may not be presented via a motion to correct sentence. As discussed above, such a motion is very limited in scope and may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence. Therefore, this claim improperly asks us to consider proceedings after the trial. Such a claim should have been brought under Indiana's post-conviction rules. *See* Ind. Post-Conviction Rule 1(a); *see also Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012) ("The scope of the relief available is limited to issues that were not known at the time of the original trial or that were not available on direct appeal.") (internal citations omitted). Accordingly, we will not address Carter's claim of ineffective assistance of appellate counsel.

[7] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.