## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 01 2017, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Lionel Gibson
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lionel Gibson,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 1, 2017

Court of Appeals Case No.
45A03-1701-CR-130

Appeal from the Lake Superior
Court

The Honorable Diane R. Boswell,
Judge
The Honorable Kathleen A.
Sullivan, Magistrate

Trial Court Cause No.
45G03-9703-CF-42

**Bradford, Judge.**

# Case Summary

[1] On January 20, 2000, Appellant-Petitioner Lionel Gibson pled guilty to Class B felony voluntary manslaughter. Pursuant to the terms of his plea agreement, Gibson and Appellee-Respondent the State of Indiana ("the State") agreed that Gibson would be sentenced to an executed term of ten years and that his sentence would be run consecutive to the sentence imposed in Cause #45G03-9703-CF-00043. The trial court subsequently accepted Gibson's guilty plea agreement and sentenced him according to its terms. On December 19, 2016, Gibson filed a motion to correct erroneous sentence which was subsequently denied by the trial court.

[2] On appeal, Gibson contends that the trial court erred in denying his motion. Because we conclude otherwise, we affirm.

# Facts and Procedural History

[3] Gibson killed Antione Patterson on or about March 5, 1997, after which he was charged with murder.[1] On January 20, 2000, Gibson entered into a plea agreement with the State. The relevant terms of Gibson's plea agreement provide as follows:

---

[1] The details surrounding Patterson's killing are unknown because Gibson failed to include the stipulated factual basis which detailed the killing and was filed together with his guilty plea in the record on appeal.

1. The defendant, Lionel Gibson, is currently charged under Cause #45G03-9703-CF-00042 with Murder and in Cause #45G03-9704-CF-00085 with Murder.

****

6. That notwithstanding the above, the defendant has, with the assistance of counsel, entered into an Agreement with the State of Indiana, the terms of which are as follows:

a. The State agrees to file an amended information charging the defendant with Voluntary Manslaughter, a Class (B) Felony, in Cause #45G03-9703-CF-00042;

b. The defendant agrees to plead guilty to the amended charge of Voluntary Manslaughter, a Class (B) Felony, in Cause #45G03-9703-CF-00042;

c. The parties agree that the defendant will be sentenced to a term of ten (10) years incarceration in Cause #45G03-9703-CF-00042. The parties further agree that the sentence imposed in #45G03-9703-CF-00042 shall be served consecutive to the sentence imposed in Cause #45G03-9703-CF-00043;

d. At the time of sentencing, the State agrees to dismiss Cause #45G03-9704-CF-00085[.]

Appellant's Apr. 21, 2017 App. Vol. II, p. 16. The trial court subsequently accepted the terms of Gibson's plea agreement and, on February 11, 2000, sentenced Gibson according to its terms.

[4] On December 19, 2016, Gibson filed a motion to correct erroneous sentence. Later that same day, the trial court denied Gibson's motion. In denying Gibson's motion to correct sentence, the trial court stated:

The defendant files a *pro se* motion to correct erroneous sentence, which is denied for the reason that a motion to correct erroneous sentence may only be used to attack a sentence that is invalid on

its face. The sentence in this case is not erroneous on its face. Therefore, the issue raised must be addressed in a petition for post-conviction relief if the defendant wishes to attack his conviction and/or sentence.

Appellant's Apr. 4, 2017 App. Vol. II, p. 36 (emphasis in original). This appeal follows.

# Discussion and Decision

On appeal, Gibson contends that the trial court abused its discretion in denying his motion to correct erroneous sentence, arguing that the trial court erred in finding that his sentence in the instant matter was statutorily required to run consecutive to his sentence in Cause #45G03-9703-CF-00043. "When we review the court's decision on a motion to correct erroneous sentence, we defer to the trial court's factual finding and review its decision only for abuse of discretion." *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010) (internal quotations omitted). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id*.

In seeking the requested relief, Gibson cites to Indiana Code section 35-38-1-15, which provides as follows:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the

corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)). "When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected." *Id.* at 786.

[7] While the motion to correct sentence is available as a potential remedy, we have repeatedly cautioned that it is appropriate only when the sentence is erroneous on its face. *Id.* (internal quotations omitted). "When a motion to correct sentence presents a claim that may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record, such a motion may be expeditiously considered and corrections made without invoking post-conviction proceedings." *Id.* at 787-88. However,

> [w]hen claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite…. We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the

judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Id*. at 787.

[8] The sentencing order at issue in this appeal provides, in relevant part, as follows:

> The defendant is committed to the custody of the Department of Correction for classification and confinement in a maximum security facility for a period of ten (10) years.
>
> The sentence of imprisonment shall run consecutively to the sentence imposed in cause 45G03-9703-CF-00043 for the reason that it is mandatory pursuant to I.C. 35-50-1-2(2).

Appellant's Apr. 4, 2017 App. Vol. II, p. 13. Again, in denying Gibson's motion to correct sentence, the trial court stated:

> The defendant files a *pro se* motion to correct erroneous sentence, which is denied for the reason that a motion to correct erroneous sentence may only be used to attack a sentence that is invalid on its face. The sentence in this case is not erroneous on its face. Therefore, the issue raised must be addressed in a petition for post-conviction relief if the defendant wishes to attack his conviction and/or sentence.

Appellant's Apr. 4, 2017 App. Vol. II, p. 36 (emphasis in original).

[9] Review of the trial court's sentencing order indicates that the trial court appropriately denied Gibson's motion to correct an erroneous sentence because

the trial court's order is not erroneous on its face. The trial court sentenced Gibson within the statutory range for a class B felony. Further, the trial court correctly cited to Indiana Code section 35-50-1-2[2] for the proposition that Gibson's sentence was required to be run consecutive to his sentence in Cause #45G03-9703-CF-00043. Thus, the trial court correctly recognized that Gibson's argument as to why his sentence was erroneous required consideration of matters outside the face of the sentencing order. Accordingly, we affirm the judgment of the trial court.

[10] The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.

---

[2] The version of Indiana Code section 35-50-1-2 in effect at the time Gibson committed the criminal offense at issue provided as follows:

    (a) As used in this section, "crime of violence" means:

                **** 

    (2) voluntary manslaughter (IC 35-42-1-3);

                ****

    (d) If, after being arrested for one (1) crime, a person commits another crime:
        (1) before the date the person is discharged from probation, parole, or
        a term of imprisonment imposed for the first crime; or
        (2) while the person is released:
            (A) upon the person's own recognizance; or
            (B) on bond;
the terms of imprisonment for the crimes shall be served consecutive, regardless of the order in which the crimes are tried and the sentences imposed.