## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2017, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ryan Patrick Rucker
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ryan Patrick Rucker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 20, 2017

Court of Appeals Case No.
35A02-1705-CR-956

Appeal from the Huntington Circuit Court

The Honorable Thomas M. Hakes, Judge

Trial Court Cause No.
35C01-1110-FA-217

**Crone, Judge.**

# Case Summary

[1] Ryan Patrick Rucker appeals the denial of his motion to correct erroneous sentence. Because there is no error on the face of the sentencing judgment, we affirm.

# Facts and Procedural History

[2] In August 2011, Rucker and his wife were visiting friends in Huntington County. Rucker entered the bedroom of his friends' sleeping eight-year-old daughter, pulled down her underwear, and licked her vagina. The child awoke and told him to stop.

[3] The State charged Rucker with class A felony child molesting. The parties entered into a plea agreement pursuant to which Rucker pled guilty, with his sentence set at twenty-five years executed and no probation. During the March 2012 guilty plea hearing, the State established a factual basis, and the trial court accepted Rucker's guilty plea. In May 2012, the court issued a judgment sentencing Rucker according to the terms of the plea agreement.

[4] In March 2017, Rucker filed a motion to correct erroneous sentence, asserting that his sentence was illegal and "the result of an illusory plea that propagated an invalid plea of guilty made under a false pretense." Appellant's App. Vol. 2 at 57. The trial court denied Rucker's motion, as well as his subsequent motion to correct error. Rucker now appeals.

# Discussion and Decision

We review a trial court's ruling on a motion to correct erroneous sentence using an abuse of discretion standard. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). A motion to correct erroneous sentence is a statutory matter, derived from Indiana Code Section 35-38-1-15, which states,

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The statute provides "prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)). A motion to correct sentence is appropriate only when the sentence is "erroneous on its face." *Id*. at 786. This means that "a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id*. at 787. "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by postconviction proceedings." *Id*.

[6]     Here, the judgment shows that Rucker was convicted of class A felony child molesting and sentenced to twenty-five years executed, with zero years suspended. The sentencing range for a class A felony is twenty to fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4(a). Thus, Rucker's sentence is within the term allowed by statute for his offense. In other words, there simply is no error on the face of the judgment. Rucker's arguments are framed in terms of the face of the *record* or the face of the *waiver* or *plea agreement* and seem to implicate the voluntariness of his plea. These arguments are not properly presented by way of a motion to correct erroneous sentence. As such, the trial court acted within its discretion in denying his motion. Accordingly, we affirm.

[7]     Affirmed.


        Robb, J., and Bradford, J., concur.