## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 28 2019, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John (Jack) F. Crawford
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Orlando Antonio Feliz, III, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 28, 2019 <br><br> Court of Appeals Case No. 18A-CR-14 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Mark A. Smith, Judge <br><br> Trial Court Cause No. 32D04-1508-F3-17 |

**Pyle, Judge.**

# Statement of the Case

Orlando Feliz, III ("Feliz") appeals the trial court's order granting the State's motion to correct erroneous sentence. Concluding that the trial court did not abuse its discretion by granting the motion to correct erroneous sentence, we affirm the trial court's judgment.

We affirm.

# Issue

Whether the trial court abused its discretion by granting the State's motion to correct Feliz's erroneous sentence.

# Facts

In August 2015, the State charged Feliz with Count 1, Level 3 felony robbery; Count 2, Level 3 felony conspiracy to commit robbery; Count 3, Level 3 felony criminal confinement; and Count 4, Level 5 felony intimidation. In May 2016, Feliz entered into a written plea agreement and pled guilty to the Class 3 felony robbery charge. At that time, Feliz had five pending causes. In exchange for Feliz's plea in this cause, the State agreed to dismiss the remaining three charges and two separate causes.[1] The plea agreement provided that Feliz would be sentenced to 3,290 days (or the advisory sentence of nine (9) years), with 2,190 days (or six (6) years) to be served on work release and 1,100 days (or three (3) years) suspended to probation. Feliz's plea agreement also

---

[1] The two causes that were dismissed were 32D04-1509-F3-21 and 32D04-1512-CM-1537.

contained the following provision: "**DEFENDANT AGREES TO SERVE THE ENTIRE SUSPENDED SENTENCE AT THE INDIANA DEPARTMENT OF CORRECTIONS IF FOUND TO HAVE VIOLATED ANY TERM OF WORK RELEASE OR PROBATION.**" (App. Vol. 2 at 107) (emphasis and capitalization in original).[2] The trial court accepted Feliz's guilty plea to the Level 3 felony robbery charge and imposed the 3,290-day sentence as set out in the plea agreement. After applying Feliz's applicable credit time, the trial court ordered him to serve 1,942 days on work release and the 1,100 suspended days on probation. The trial court also ordered that Feliz's sentence was to be served consecutively to two other causes.[3]

[4]     The following month, on June 20, 2016, the State filed a notice of violation of work release ("June 2016 Work Release Violation Notice"), alleging that Feliz had failed to return to work release after being given a temporary home pass on June 19, 2016. The State then issued a warrant for Feliz's arrest and charged

---

[2] Additionally, the plea agreement contained a provision that Feliz was waiving his right to challenge his sentence, including any arguments that the sentence was erroneous, that the trial court had erred in finding and balancing mitigating and aggravating factors, or that the sentence was inappropriate under Indiana Appellate Rule 7(B). During the pendency of this appeal, the State filed a motion to dismiss Feliz's appeal, contending that this plea agreement provision prohibited him from filing this appeal. Our motions panel denied the State's motion. In its appellate brief, the State raises this same dismissal argument. We, however, decline to disturb the ruling of the motions panel. Here, Feliz is challenging the order granting the State's motion to correct erroneous sentence; he is not raising one of the prohibited challenges set forth in his plea agreement.

[3] The two causes were 32D04-1512-F6-954 ("F6-954"), in which Feliz pled guilty to Level 6 felony possession of a narcotic drug, and 32D04-1512-CM-1485 ("CM-1485"), in which Feliz pled guilty to Class A misdemeanor invasion of privacy.

him with Level 6 felony failure to return to lawful detention under cause 32D04-1606-F6-564 ("F6-564").

[5] The State also filed two separate notices of probation violations. In the June 23, 2016 notice ("June 2016 Probation Violation Notice"), the State alleged that Feliz had violated the law by committing Level 6 felony failure to return to lawful detention as charged in F6-564. In the July 18, 2016 notice ("July 2016 Probation Violation Notice"), the State alleged that Feliz had: (1) violated the law by committing two counts of Class A misdemeanor resisting law enforcement and Class A misdemeanor possession of marijuana, which resulted in the filing of a new cause in Marion County; and (2) possessed a controlled substance.[4]

[6] On November 14, 2016, the trial court held a hearing ("November 2016 Violation Hearing"). Feliz was represented by attorney John Fierek. The parties informed the trial court that they had reached an agreement. This agreement was not in writing. The parties indicated that the agreement included an admission to the probation violations with the imposition of the 1,100-day suspended sentence minus applicable credit time; an admission to the work release violation with "the balance of his time . . . to be served [in] DOC[;]" and a guilty plea to the pending Level 6 felony failure to return to lawful detention in cause F6-564 and the imposition of a 180-day sentence. (Tr.

---

[4] At the same time that the State filed the July 2016 Probation Violation Notice, it also filed probation violation notices, based on the same allegations, in causes F6-954 and CM-1485.

Vol. 2 at 40).[5] Feliz admitted to the probation violations as alleged in the two probation violation notices, and the trial court revoked Feliz's probation and ordered him to serve the previously suspended 1,100 days in the Indiana Department of Correction.[6] Feliz also pled guilty to the pending Level 6 felony failure to return to lawful detention in F6-564, and the trial court imposed the minimum 180-day sentence per the parties' agreement. There was no further discussion of Feliz's work release violation. Both the trial court's order ("November 2016 Violation Order") and the abstract of judgment indicate that the 1,100-day sentence was only for Feliz's probation violations. The trial court did not specifically address the work release violation.

[7] A few months later, on May 11, 2017, the State filed a motion to correct erroneous sentence pursuant to INDIANA CODE § 35-38-1-15. In this motion, the State asserted, in relevant part, as follows:

> 5. On November 1[4], 2016[,] a hearing was conducted on the work release violation, the probation violation[,] and the new charge of Fail[ure] to Return to Lawful Detention (F6-564) were held on the above referenced cases. The agreement called for [Feliz] to admit to the violations and serve the balance of his suspended time, 1100 days, under this cause (F3-17) AND the remainder of his original 1,942 day work release sentence at the IDOC. The agreement also called for [Feliz] to admit to the new

---

[5] The hearing also covered the probation violations filed in causes F6-954 and CM-1485. The parties agreed that Feliz would admit to the probation violations filed in these two causes and would receive a ninety-day sentence in each cause with time served.

[6] The trial court also ordered that Feliz's sentence was to be served consecutively to causes F6-564, F6-954, and CM-1485.

offense and to do the minimum sentence of 180 days on the Failure to Return to Lawful Detention.

6. [Feliz], under the original plea agreement, was to serve 1,942 days executed to work release of which he only completed approximately 30 days before absconding. The court entered a sentence of only 1100 days. The State is requesting the court issue an[] amended sentencing order and abstract of judgment reflecting [Feliz's] sentence should have included [his] unserved work release sentence of 1,942 days PLUS the 1,100 days of his suspended [probation] sentence.

(App. Vol. 2 at 148).

[8] On June 13, 2017, the trial court held a hearing on the State's motion to correct erroneous sentence ("June 2017 Erroneous Sentence Hearing"). Feliz, who was incarcerated in the Putnamville Correctional Facility, appeared for the hearing via a video link and was represented by Annie Fierek "on behalf of Jim Fierek." (App. Vol. 2 at 18). During the hearing, the State informed the trial court that its November 2016 Violation Order was "inconsistent" with the agreement that the parties had previously reached for Feliz to serve 1,942 days for his work release violation and 1,100 days for his probation violation at the Indiana Department of Correction and for Feliz to receive the minimum 180-day sentence for his failure to return to lawful detention conviction in cause F6-564. (Tr. Vol. 2 at 52). The State requested the trial court to enter an amended order to include the work release violation or, alternatively, to set the matter for a work release hearing. Feliz's counsel "agree[d]" that the trial court "should correct the record and add in the time that [Feliz] [wa]s supposed to do at work

release, the nineteen forty-two (1942) [days]." (Tr. Vol. at 55).[7] The trial court granted the State's motion to correct erroneous sentence and entered an amended order ("June 2017 Erroneous Sentence Order") and abstract of judgment, which both indicated that the 3,042-day sentence was for Feliz's probation violations (1,100 days) and work release violation (1,942 days).

[9] Feliz then filed a motion to correct error, which was filed by his new attorney, Jack Crawford. Feliz argued, in part, that the June 2017 Erroneous Sentence Hearing did not procedurally comply with the requirements of INDIANA CODE § 35-38-1-15.

[10] On November 20, 2017, the trial court held a hearing on Feliz's motion to correct error. Feliz suggested that the trial court should not impose any additional time for his work release violation, contending that: (1) the State could not file a motion to correct erroneous sentence under INDIANA CODE § 35-38-1-15 because the sentence in the November 2016 Violation Order was not erroneous on its face; and (2) the November 2016 Violation Hearing had addressed the work release violation and the parties had agreed that Feliz would serve only 1,100 days for both his probation and work release violations.

[11] The State pointed out that our supreme court, in *Hardley v. State*, 905 N.E.2d 399 (Ind. 2009), had explained that the State can file a motion to correct

---

[7] During the hearing, the trial court noted, and both counsels agreed, that the court needed to correct a clerical error in the abstract of judgment to correctly reflect that Feliz had pled guilty to a Level 3 felony, not a Level 5 felony.

erroneous sentence under INDIANA CODE § 35-38-1-15 and that the State was not limited by the facially erroneous requirement set forth in *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). The State disagreed about the nature of the parties' agreement in the November 2016 Violation Hearing and pointed out that the trial court's November 2016 Violation Order addressed only the probation violation and did not rule upon the work release violation. The State argued that the trial court should impose 1,942 days for Feliz's work release violation.

[12]     The trial court agreed with the State, and it specifically noted in its order that it had failed to address and resolve the work release violation when it held the November 2016 Violation Hearing. The trial court granted, in part, Feliz's motion to correct error and vacated the part of its June 2017 Erroneous Sentence Order that imposed a 1,942-day sentence for the work release violation. The trial court scheduled a hearing on the allegation contained in June 2016 Work Release Violation and also ruled that its revocation of Feliz's probation and order that he serve the 1,100 days for his probation violation remained in effect.

[13]     On December 11, 2017, the trial court held a hearing on the work release violation. Feliz objected to the hearing based on the same arguments he had raised in the previous motion to correct error hearing. The trial court again rejected his arguments, took judicial notice of Feliz's previous guilty plea to the Level 6 felony failure to return to lawful detention in cause F6-564, and ordered Feliz to serve the 1,942 days from the work release portion of his sentence.

When the trial court entered the abstract of judgment, it noted that Feliz was "sentenced to 1100 days on the Probation Violation and 1942 days on the Work Release Violation, for a total sentence of 3,042 days." (App. Vol. 2 at 24). Feliz now appeals.

# Decision

[14] Feliz appeals the trial court's grant of the State's motion to correct erroneous sentence. His challenge to the trial court's order that he serve 1,942 days for his work release violation is based on his procedural challenge regarding the State's ability to file a motion to correct erroneous sentence under INDIANA CODE § 35-38-1-15. Specifically, Feliz contends such a statutory motion can be filed only when the challenged sentence is erroneous on its face.[8]

[15] We review a trial court's ruling on a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). INDIANA CODE § 35-38-1-15 provides:

---

[8] Feliz also challenges the nature of the November 2016 Violation Hearing and the nature of the parties' agreement during the hearing. As he did below, he contends that the hearing addressed his work release violation and that the parties had agreed that Feliz would serve only 1,100 days for both his probation and work release violations. The trial court rejected this argument below, determined that it had not addressed or ruled upon the work release violation during the November 2016 Violation Hearing, held a hearing on the work release violation, and ordered Feliz to serve 1,942 days for his work release violation. Feliz's argument is nothing more than an invitation to reweigh the trial court's factual determination, which we will not do. Moreover, Feliz acknowledges that the trial court had authority, upon determining that he had violated a condition of his work release by absconding, to order him to serve the work release portion of his sentence in the Indiana Department of Correction.

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson*, 805 N.E.2d at 785 (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)).

[16] A motion to correct erroneous sentence under INDIANA CODE § 35-38-1-15 can be used by an inmate or by the State. *See Hardley*, 905 N.E.2d at 402; *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). When filed by an inmate, a statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson,* 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). Our supreme court, however, has "decline[d] to extend *Robinson's* 'facially erroneous' requirement to restrict efforts by the State to challenge an illegal sentence." *Hardley*, 905 N.E.2d at 402. The *Hardley* Court explained that the State has "constrained access to direct appeal and post-conviction

remedies" and refused to limit the State's use of a motion to correct erroneous sentence to only facially erroneous sentencing judgments. *Id.*

[17] Here, the State filed a motion to correct erroneous sentence when it realized that the trial court's November 2016 Violation Order had failed to address and enter a judgment on Feliz's work release violation, which was based on the allegation that he had failed to return to lawful detention and resulted in him being charged with a Level 6 felony in cause F6-564. The trial court ultimately held a hearing to address the work release violation, took judicial notice of Feliz's previous guilty plea to the Level 6 felony failure to return to lawful detention in cause F6-564, and ordered Feliz to serve the 1,942 days from the work release portion of his sentence. We conclude that there was no abuse of discretion in the trial court's judgment or grant of the State's motion to correct erroneous sentence. *See* I.C. § 35-38-2.6-5 (providing that if a defendant violates the terms of his placement, the trial court may change the terms of the placement, continue the placement, or revoke the placement and commit the person to DOC for the remainder of the person's sentence).

[18] Affirmed.

Najam, J., and Crone, J., concur.